## McCrory v. Griswold et al.

Where appraisers appointed by a county court to assess the damages of a party, by reason of the appropriation of his land for the purposes of a road, report that the applicant is not entitled to any compensation, the county court is not precluded by section eighteen of the first article of the constitution, from making an order establishing the road, until compensation is paid, or secured, to the owner of the land.

A writ of *certiorari*, commanding the county court to certify to the district court a transcript of the records and proceedings, as well as the facts of of the case, in an application for the establishment of a county road, does not bring up for decision in the district court, the question of the damages to be paid as compensation for the land taken for the road.

In such a case, the writ brings up only the question of the expediency or propriety of establishing the road, and the legality and regularity of the proceedings of the county court in the premises.

It is no sufficient ground for annulling or reversing the decision of a county court establishing a road, that the appraisers appointed to assess the damages of the owner of the land, have decided that the claimant is entitled to no compensation for his property taken for the road; and such a question cannot be raised in t' e district court on a writ of *certiorari*.

A county court may establish a road or not, as the public convenience or necessities require, without reference to the question of compensation to the owners of the property taken.

It is only when damages are assessed for the taking of private property for public use, that they are to be paid, or secured to the owner, under section eighteen of the first article of the constitution, before the property can be appropriated.

In cases in which private property is taken for public use, if no damages, are claimed; or if claimed, and the appraisers appointed in the manner prescribed by law, ascertain and report that the claimant is entitled to no damages, that is an end of the matter, until upon appeal, or otherwise, the decision of the appraisers is reversed or changed, and the claimant's damages ascertained.

### *Appeal from the Johnson District Court.*

THURSDAY, DECEMBER 9.

This was a petition to the district court of Johnson county, for a writ of *certiorari*, to be directed to the county court of said county, commanding the judge thereof to certify to the said district court a transcript of the record and proceedings, as well as the facts of the case, in the matter of the application of E. H. Griswold and others, for the establishment of a public road in said county.

The petitioner alleges that, within thirty days after the appointment of a day on which the matter of establishing said road would be acted on by the county court, he filed in the office of the county judge his claim for compensation, for the damages sustained by him, in consequence of the establishing of said road; that before the appraisers empannelled to assess the damages, it was shown that about one acre and a quarter of petitioner's land would be taken for the purposes of said road, worth from forty to sixty dollars per acre; that, notwithstanding such showing, the appraisers returned for verdict, that the petitioner was not entitled to any compensation for his property so taken; that a motion for a new trial and assessment, was overruled by the county court, and an order thereupon made that said road be established; and that said order was made without any compensation being first made, or secured to be made, to petitioner.

The writ of *certiorari* is prayed, on the alleged ground

that the petitioner has no other plain, speedy, and adequate remedy in the premises; and he asks that the proceedings on the order establishing the road may be stayed, and that the same may by the district court, be declared null and void. The district court refused the application for the writ of *certiorari*, and dismissed the petition, and the plaintiff appeals.

*Edmonds & Ransom*, for the appellant, cited the following authorities: *Myers* v. *Simms*, 4 Iowa, 400; Sec. 18, Art. 1, Const.; *Wallace, Com'r.* v. *Karbenowefski*, 19 Barb., 118; 3 How. (Miss.), 246; *The People ex rel. Prost.* v. *The Mayor of Brooklyn*, 6 Barb., 209; *The People* v. *The Mayor of Brooklyn*, 9 Ib., 535; Code, sec. 528.

*Clark & Brother*, for the appellees, cited no authorities.

STOCKTON, J.—The writ of *certiorari* may be granted in all cases, where an inferior tribunal is alleged to have exceeded its proper jurisdiction, or is otherwise acting illegally, when there is no other plain, speedy, and adequate remedy. Code, section 1985.

The illegality in the proceedings of the county court, is alleged to be the order establishing the road, without compensation first being made, or secured to be made, to the petitioner for his private property taken for public use. No objection is made to the expediency of the road; nor that it is not demanded by the public convenience and necessity; nor to the regularity or sufficiency of any other of the proceedings of the county court in the premises. The claim of the petitioner, as we understand it, is that, notwithstanding the report of the appraisers, the county court could make no order establishing the road, without just compensation first being made, or secured to be made, to the owner of the property shown to be taken by it for the public use.

This position, we think, cannot be sustained. The questions arising upon the establishing of a public road by the

county court, are of two kinds: *First.* Of the expediency of the proposed road, and the legality and regularity of the proceedings connected with it. *Secondly.* Of the damages to be awarded to the proprietors of the land through which it runs. The first question is of a public nature, and no appeal lies from any decree or decision of the county court thereon. The second is held to affect the rights and interests of individuals, as distinguished from the public, and an appeal from any decision of the county court thereon, lies to the district court. The writ of *certiorari*, if allowed, does not bring up for decision, in the district court, the question of the damages to be paid as compensation for taking private property for public use. It brings up, only, the question of the expediency or propriety of establishing the road, and the legality and regularity of the proceedings of the county court in the premises. The district court may affirm or annul the proceedings of the county court; or may, in its discretion, correct those proceedings, and prescribe the manner in which the county court shall further proceed in the matter.

If the appraisers appointed to assess the amount of damages sustained by the owner of the land, return too small a sum, or fail to award him any damages—if the county court refuses to set aside the report, and to award a rehearing—he may take an appeal to the district court, and have his damages assessed by a jury. But it is no sufficient ground for annulling or reversing the decision of the county court establishing the road, that the appraisers have decided that the claimant is entitled to no compensation for his property, taken by the road. Such questions cannot be raised in the district court, on the writ of *certiorari*. The county court may establish the road or not, as the public convenience and necessities require, without reference to the question of compensation to the owners of the property taken.

The bill of rights declares that "private property shall not be taken for public use, without just compensation first

being made, or secured to be made, to the owner thereof, as soon as the damages shall be assessed by by a jury." Constitution of Iowa, art. 1, sec. 18. It is only when the damages are assessed, that they are to be paid, or to be secured to be paid. If no damages are claimed; or if the appraisers, appointed in the manner prescribed by law, ascertain and report that the claimant, whose property is alleged to have been taken, is entitled to no damages, there is an end of the question, until, upon appeal, or otherwise, their decision is reversed or changed, and the claimant's damages ascertained.

That the owner of private property, taken for public use, is entitled to the just compensation therefor, awarded him by the bill of rights, we would be understood, neither to gainsay nor deny. But that compensation, must be ascertained and determined in the mode prescribed by the laws. The mode prescribed is by appraisers, appointed by the county court. These appraisers, in this instance, reported that the present petitioner was entitled to no damages, and the county court awarded him none. We do not see but that, on his failure further to prosecute his claim for damages by appeal to the district court, there is an end of the question of his right to the same. Whether there is or not, we think that the question could not be made, in the district court, on the writ of *certiorari*, and the application was consequently properly denied.

Judgment affirmed.