## Dunlap v. Pulley *et al.*

Highway: COMPENSATION TO LAND OWNER: CONSTITUTIONAL LAW. While a person through whose land a public road is located, is entitled to compensation under the constitutional clause guaranteeing compensation where private property is taken for public use, yet he is entitled to it only in the manner pointed out and provided by law, and if he fails to apply therefor, or within the time prescribed by the statute, or, applying, his claim is rejected, and he takes no

step, by appeal or otherwise, to reverse such order of disallowance, he cannot afterward resist the right of the public to open the road, upon the ground that the compensation guaranteed by the constitution has not been made to him.

*Appeal from General Term, Second District (Lucas County).*

FRIDAY, APRIL 8.

DEFENDANT (Pulley), on the 1st of January, 1868, made his bond, with his co-defendant as his surety, conditioned for the faithful discharge of his duties as road supervisor, etc. It appears that, in 1866, a certain county road was petitioned for, and then established by the board of supervisors. Pulley then owned a certain tract of land, through which this road was laid out. Prior to the establishment of the road, he filed with the clerk his claim for damages. Appraisers were appointed, who found in favor of the applicant the sum of $110, as his damages, which have not been paid, nor has he received any compensation. The board refused to consider the claim, because it was not filed within the time allowed by law, to wit, thirty days. The applicant was present at the time of such refusal, but never appealed from this order, nor did he institute any other proceeding to have his damages assessed. He was elected road supervisor in 1867, qualified as such in July, 1868, and afterward acted in that capacity; had, from the time of establishing said road, actual notice of its location; and during his term of office knowingly and purposely fenced up and obstructed said road, as located through his land, claiming the right so to do, upon the ground that he had never been paid a just compensation, etc. At the time of instituting this action (which is upon the bond), he was still in office, and the obstruction was continued.

Dunlap v. Pulley.

It was agreed, that if upon these facts defendant was liable, judgment was to be entered for $100; if not he was to recover his costs. The District Court found against plaintiff; this was affirmed by the General Term (DASHIEL, Circuit Judge, dissenting), and plaintiff again appeals.

*Stuart Bros.* for the appellant.

*G. W. Wilkerson* for the appellee.

WRIGHT, J. — Appellee, relying upon the provision of the Constitution, that private property shall not be taken for public use without just compensation (art. 1, § 18), insists that he would not be liable for a failure to remove this obstruction until he was paid the $100 awarded him by the appraisers. In other words, he says this compensation, secured to him by the Constitution, is withheld; and, while it is thus withheld, the public has no right to his property.

He forgets, however, that, though entitled to compensation, he is entitled to it only in the manner provided by law. *Connelly* v. *Griswold*, 7 Iowa, 416. If he failed to ask for compensation, or failed to apply in time, or, applying, was unsuccessful in showing his right thereto, he could not, upon any principle, resist the right of the public to open the road, upon the ground that he has not been paid for injuries or losses which he claims to have sustained. If the board rejected his claim because not properly presented, because not preferred in time, or upon any ground (having jurisdiction to so decide), his remedy was by appeal. Neglecting to avail himself of this remedy, or to take some appropriate step to have his compensation awarded, if other steps are open to him, he cannot, in this proceeding, defeat a recovery, because of the error or irregularity of the board in rejecting his claim. The mere appointment of the appraisers to

examine and report as to the applicant's damages would not prevent the subsequent rejection of the claim because not filed in time. At least, the board would have the *power* to so order. Though such order may have been ever so erroneous, until set aside in some method known to the law, it is binding, and defendant would be without protection in the violation of his official duties; for he failed, and fails, to show that he is entitled to compensation as provided by law. These are familiar principles, and, following them, this judgment was erroneous. See *McCrory* v. *Griswold*, 7 Iowa, 248.

Reversed.