*23 The opinion of the court was delivered by
Brewer, J.:
Plaintiff in error brought her action to enjoin the opening of a road. The case was tried by the court, special findings of fact made, and judgment rendered for defendant. It was admitted on the trial that the proceedings for the opening of the road were in form, and legal, up to the action of the county board on the 17th of September 1871. The plaintiff, the owner of a portion of the land taken for the road, appeared before the viewers and claimed' $400 as damages. The report of the viewers was favorable to the. road, and they recommended an allowance of $50 to plaintiff. On the 17th day of September 1871, at a session of the board of the county commissioners, the committee on roads and bridges reported back to the board the report of the viewers, and recommended that it lay on the table, which report was adopted. On the 5th of February 1872 the board took said report from the table, and adopted the report of the viewers, and declared said road to be of public utility, and caused said report, survey and plat to be recorded, and issued their order to Theodore Meyers, the then proper road overseer, directing him to cause said road to be opened for public travel. No road damages were allowed by said board to plaintiff. On the 20th of February 1872 the county clerk duly issued and delivered to the road-overseer of the district a written notice to open said road, and in pursuance of said notice and order the defendants were proceeding to open said road when this suit was commenced. The last two findings made by the trial court were as follows:
“The plaintiff had no notice or knowledge of the action of the board of county commissioners on the 5th of February 1872, nor until more than ten days thereafter.
“Said road is eighty rods in length. It has no opening or outlet at its north end, but does lead' from its north end along and on the line between the land of the plaintiff and one Baskers into a public highway, thus affording the defendant Thomas an outlet to a public road.”
*24 1. County commissioners, Conduct of business. *23 Upon these facts three principal questions arise. The first *24 is, whether the board having obtained jurisdiction to establish this road lost such jurisdiction by reason of having, on the 17th of September 1871, laid the viewers’ report on the table, and taken no further action thereon until the 5th of February following. In other words, must the county board act at once, or at the then pending session, upon the report of the road viewers, or postpone it to a day certain, or can they without losing power to act pass it over indefinitely by laying it on the table? The question, it must be borne in mind, is one of power, and not of propriety. We are not sitting as a reviewing court to reverse or affirm the determination of the county board, but are asked to pronounce that determination void as ultra vires. It is conceded that it had jurisdiction on the 17th day of September 1871, and that it could by an order of that date have established a legal, and valid road. It did not dismiss the proceedings on that day, nor pretend to make any final disposition. It assumed the right to continue its jurisdiction with a view to final disposition at some other time.
2. Board may tatraníaoV mg business. The board is authorized to establish rules and regulations for the transaction of its business: Gen. Stat., ch. 25, § 25. In the absence of any proof to the contrary, it ^ x ** 1 must be presumed that the postponement and subsequent action were in conformity to its established rules. If then, as against its own assumption of power, it lost jurisdiction, it must be because either from the nature of the case, or the requirements of the statute, final action at the time was necessary. There is certainly nothing in the nature of the case that would compel final action at once, or prevent a postponement. It might often work a hardship on parties interested to return at a different time. That happens in the proceedings of all tribunals. On the other hand, it might as often happen that the interests of parties would be more fully protected, and more exact justice done, by postponing final action until after further information. Nor does the statute compel final action at once. The time for the meeting of the viewers is prescribed, that is, the *25 day named in the order, or within five days thereafter. The time within which the report, plat, and survey must be. delivered to the county clerk- is fixed^ that is, “ on or before the first day of the session of the commissioners then next ensuing.” But there is nothing prescribing how soon or at what meeting the board must act. Its duty is defined, and the manner of its performance; but the statute is silent as to the time: Gen. Stat., ch. 25, §§ 5, 6. The particular clause of § 6 upon which counsel for plaintiff rely, is as follows: “ and it shall be the duty of the commissioners on receiving the the report of the viewers aforesaid to cause the same to be read before their meeting,” etc. Counsel argues very plausibly that “on” is equivalent to “immediately on,” and excludes the idea of any delay or postponement. We do not think such is the sense in which it is used. Power is given to the board to take final action with reference to the opening and laying out of roads, after the report of the viewers has been filed, and such action can be taken at such time as the rules and regulations of the board may prescribe. Otherwise the first duty of the board at each meeting would be to dispose of the various road reports filed during the interim, and road matters would be given a preference over other and far more important questions of county administration. But, say counsel, “ Mrs. Masters was not compelled to appear either in person or attorney at every meeting or session of the county board, and watch their proceedings in order to contest the opening of that road, and save her right of appeal.” Every one having a matter in litigation before any tribunal, court, or county board, must, iu order to protect his rights, be present at every session at which the controversy may be determined, until there is a final disposition. He stays away at his peril; and if during his absence the matter is disposed of he can blame no one but himself. This in many cases is a great hardship. Many a suitor in the courts has felt it to be so, yet no remedy therefor has as yet been devised. “If the board may delay for five months, it may for five years,” again argue counsel. True; *26 but, that power may be abused is no reason for denying the .existence of the power. This possibility of delay is as true of courts as of county boards; but who'questions the power of a court to continue, or postpone? Mandamus may be invoked perhaps to compel action; but jurisdiction is not lost by improper continuances. The case of The Inhabitants of Westport v. County Comm’rs of Bristol, 9 Allen, 203, is authority on this general question.

*25
3' cSabefo™’5 ° °ar ’

*26 4 Damages for lanas taken. A second objection to the validity of the proceedings of the county board is, that no compensation was awarded, and as private property cannot be taken for pubpc uge without compensation the whole proceeding must fail, and the opening of the road be restrained. This is really disposed of by the decision of the previous question, for if the board had power to act its determination cannot be avoided in this collateral Avay by showing that it erred in fixing the value of the property taken. Whatever rights of compensation the plaintiff may have, must be .pursued in the remedy prescribed by statute. If the tribunal empowered to act, decides against her, and she fails to appeal therefrom, she is like any other suitor who neglects to avail himself of the means of relief provided in the law. The finding of the court that she had no notice nor knowledge of the action of the board in ordering the opening of the road, and refusing her compensation, until the time to appeal had passed, avails nothing. Having been once legally notified of the proposition to open the road, and the matter having been once fully brought within the jurisdiction of the county board, she must take notice of their subsequent action or suffer the consequences of her inattention: McCrory v. Griswold, 7 Iowa, 248; Connolly v. Griswold, 7 Iowa, 416; Dunlap v. Pulley, 28 Iowa, 469.
5 public and private roads. The other point made by counsel is, that this is a private and not a public road, and therefore not within the power of ^ie county to condemn lands for. It appears-from findings that the road is a short one, without outlet or opening at one end, but at the other opening *27 into an unquestioned highway, and affording one of the defendants an outlet from his farm. Neither the findings nor the testimony show 'that this was other than a public road. Its condemnation was sought in the ordinary proceedings for condemning public roads. It was pronounced by both viewers and county board of public utility. The expense of opening is borne by the public. All damages assessed would have to be paid by the public. It affords one citizen at least a means of communication with the balance of community, and the balance of community a means of communicating with him. As was well said by Mr. Justice Dillon, in Bankhead v. Brown, 25 Iowa, 540, “ Taking so m uch of A.’s land as may be necessary to establish a public highway to enable B. to have an outlet to the market, and to put him in communication with his neighbors, with the town, with the church, with the school, etc., is not in a just sense, (although B. be the person primarily and even principally benefited,) the taking of A.’s property for the private use of B., but for the general good.” See also People v. Kingman, 24 N. Y., 558; Ferris v. Bramble, 5 Ohio St., 109; Sherman v. Burck, 32 Cal., 241. In this last case the court says, “Roads leading from the main road which runs through the country to the residences or farms of individuals are of public concern, and under the control of the government. Taking private property for the purposes of such roads is not a taking for private use. They are open to every one who may have occasion to use them, and are therefore public.”
These questions are all that are raised in the case, and as we find no error in them the judgment of the district court must be affirmed.
All the Justices concurring.