## GIFFORD ET AL. *v.* BAKER ET AL.

[No. 19,636. Filed February 7, 1902. Rehearing denied April 9, 1902.]

HIGHWAYS.—*Free Gravel Roads.—Construction.—Notice of Petition.—* Notice of the presentation of a petition for the construction of a free gravel road stating that the petition would be presented on the first day of the next term of the board of commissioners, "which will be held on the first day of May," instead of stating that it would be held on the first Monday of May, as provided by

statute, is not so defective as to render the notice invalid, since all persons were required to take notice of the time fixed by statute. *pp. 342, 343.*

HIGHWAYS. — *Free Gravel Roads.— Construction. — Notice of Petition.—* An objection to the form of a notice of the presentation of a petition for the construction of a free gravel road, not presented until after the board acted on the petition, is too late. *p. 343.*

SAME.—*Petitions.—Consolidation.*—Two petitions for the construction of a free gravel road, presented to the board at the same time, may be treated as one petition. *p. 343.*

APPEAL AND ERROR.— *Waiver of Error.—Free Gravel Roads.—Objection to Report of Viewers.*—Objections to the report of the viewers in a gravel road proceeding, which are not discussed in appellant's brief on appeal, are deemed waived. *p. 343.*

HIGHWAYS.—*Free Gravel Roads.—Remonstrance.—Trial.—Burden of Proof.*—The burden of proof is on the remonstrants in the trial of a proceeding for the construction of a free gravel road, since the statute makes the report of the viewers *prima facie* evidence of the facts therein contained. *pp. 343, 344.*

From Jasper Circuit Court; *S. P. Thompson,* Judge.

Benjamin J. Gifford and others, remonstrants, appeal from a judgment confirming the action of the board of county commissioners in granting the petition of Charles W. Baker and others for the construction of a free gravel road. *Affirmed.*

*B. F. Ferguson* and *J. E. Wilson,* for appellants.

*F. Foltz, C. G. Spitler* and *H. R. Kurrie,* for appellees.

DOWLING, J.—This is a proceeding for the construction of a free gravel road under the act of 1885 and the amendments thereof. Acts 1885, p. 162; Acts 1893, p. 155; §6879 *et seq.* Burns 1894. On the first day of the May term, 1900, of the board of commissioners of Jasper county, a petition, substantially in the form prescribed by the statute, was presented to the board, and the further consideration thereof was continued to the June term, 1900. At such term, to wit, on June 4, 1900, the petition was taken up and considered, and no objection being made thereto by any person, after hearing the evidence the board found that due notice of the presentation of the said petition had been,

Gifford v. Baker.

given more than ten days before the first day of the May term, 1900, of said board, by posting, as required by law; that the said petition was signed by a majority of the resident landowners of said county whose lands were within two miles of the proposed improvement; that the kind of improvement prayed for, and the points between which it was proposed to be constructed, were sufficiently described; and that viewers should be appointed thereon, as provided by law.   The board thereupon ordered that three persons (naming them) having the necessary qualifications be appointed such viewers, and that one Price, a surveyor, be appointed engineer in said proceeding; that said viewers and engineer meet at the auditor's office of said county and after being sworn, that they proceed to perform their duties as such viewers and engineer in the manner prescribed by law, and make report of their proceedings in the said matter.   The report of the viewers and engineer was filed July 5, 1900.   Notice of the filing of the report of the viewers and engineer, and that the said petition would be heard by the board August 7, 1900, having been duly given by publication for three successive weeks, on said day, at the regular August term of said board, all of the persons whose lands were assessed, and who were affected by the construction of the said road, excepting Benjamin J. Gifford and George W. Kine, were called and defaulted.   The report of the viewers and engineer was in the proper form, and showed that the proposed improvement would be of public utility; the estimated cost thereof; that it would be constructed on the line of an established highway, and that no damages would be occasioned by its construction; the benefits to each forty acres, or less tract, within two miles of such proposed road; and a description of the work contemplated, the grade, drains, culverts, kind of improvement, commencement, and terminus thereof.

The appellant Gifford entered his special appearance to the proceeding, and objected to the sufficiency of the first

notice of the presentation of the petition, and to the petition itself. These objections were overruled.

Gifford and one Harris filed separate remonstrances, stating various grounds of contest of the proceedings; the only available objections assigned being that the report of the viewers was not according to law, and that Harris' lands would not be benefited. Acts 1893, §4 p. 156; Acts 1885, §14, p. 167; §§6885, 6893 Burns 1894.

Upon the hearing on the petition and remonstrances, the board found that notice of the hearing had been duly given, that the proposed work was of public utility, and that the benefits assessed exceeded the expenses and damages. Thereupon it was ordered that the improvement be made, —its nature, width, and length being described,—and that the assessments be collected according to law.

From this order Gifford and Harris appealed to the Jasper Circuit Court. The objections and motions made by appellants before the board were renewed in the circuit court, and were overruled. The appellants also filed what they denominated a plea to the jurisdiction of the court, which was stricken out on motion. The cause was tried by a jury, and the verdict was for the petitioners. The court then made the order required by the statute.

All of the errors assigned, some nineteen in number, may be reduced to the following: (1) The refusal of the court to set aside the first notice of the petition; (2) the refusal of the court to dismiss the petition and proceeding; (3) the overruling of the objections to the report of the viewers; (4) the overruling of the motion for a new trial.

(1) The alleged defect in the first notice is that it states that the petition for the construction of the improvement will be presented on the first day of the next term of the board of commissioners, which will be held on the 1st day of May, 1900. The time fixed by the statute for the meeting of the board was the first Monday of May, 1900, and of this all persons were required to take notice. No one could

have been misled by the mistake. §§5594d2, 7821 Burns 1901. It may also be observed that the objection came too late. It is admitted that there was some notice. The question raised is only as to its form. It is said in *Little* v. *Thompson,* 24 Ind. 146, 150: "The time for this inquiry, then, precedes the appointment of viewers. It cannot be made afterward, and it must be made at that time, whether any one appears to raise the objection or not. If any one should appear at the time the petition is presented, and raise the objection, we think he might do so, and produce evidence touching the question of jurisdiction, without a plea in abatement. If the objection is not made at that time, the finding and judgment of the board upon that subject, entered of record, is in such a case conclusive." *Wright* v. *Wells,* 29 Ind. 354; *Green* v. *Elliott,* 86 Ind. 53; *Breitweiser* v. *Fuhrman,* 88 Ind. 28.

(2) It seems that two petitions for the same improvement were presented to the board at the same time, and were ordered to be treated as one petition. There was no error in this. *Mode* v. *Beasley,* 143 Ind. 306; *Flynn* v. *Taylor,* 145 Ind. 533; Elliotts' Roads and Streets (2d ed.), §331. See, also, Acts 1893, p. 196, §2, §6925 Burns 1894. The petition, as we have before stated, was in the proper form, and contained every fact required to be shown by the statute regulating such proceedings. No valid reason is pointed out for the dismissal of the petition. Not the slightest ground existed for the objection that the board had not jurisdiction of its subject-matter.

(3) As no objection to the report of the viewers is referred to by counsel for appellants, or discussed in their brief, such defects, if they existed, are waived.

(4) The motion for a new trial was properly overruled. We think the ruling of the court requiring the remonstrants to open and close the proceeding was proper in this case. The statute provides that the report of the viewers shall be *prima facie* evidence of the facts therein.

Terre Haute, etc., R. Co. *v.* Erdel.

contained. When this report was presented it threw upon the remonstrants the burden of proving the facts affirmatively stated in their remonstrances, and that such report was not true. None of the rulings of the court upon the admission and exclusion of evidence was so clearly erroneous as to require a reversal of the judgment. The evidence fully sustained the verdict. Finding no error, the judgment is affirmed.