GIFFORD *v.* BOARD OF COMMISSIONERS OF JASPER COUNTY ET AL.

[No. 19,887.   Filed May 26, 1903.]

CERTIORARI.—*Free Gravel Roads.*—A writ of *certiorari* will not lie to review the proceedings of the board of commissioners in the establishment of a free gravel road on the petition of a remonstrant alleging in his petition that the petition for the construction of the road was not signed by the requisite number of qualified freeholders.

From Jasper Circuit Court; *S. P. Thompson,* Judge.

Petition by Benjamin J. Gifford to review by writ of *certiorari* the proceedings of the board of commissioners in a gravel road proceeding. From an order of court denying the petition, petitioner appeals. *Affirmed.*

*B. F. Ferguson* and *J. E. Wilson,* for appellant.

*Frank Foltz, C. G. Spitler* and *H. R. Kurrie,* for appellees.

Monks, C. J.—On May 7, 1900, two petitions for the construction of a free gravel road on the same highway under the act of 1885 and the acts amendatory thereof and supplemental thereto (§§6879-6889, 6891-6899 Burns 1894) were presented to the board of commissioners of Jasper county. Said petitions were heard as one proceeding, and the cause continued until the next term of the board. At the June term the petitions were taken up and considered, and, no objection being made thereto by any person, the board heard the evidence, and found that due notice had been given more than ten days before the first day of the May term, 1900, of said board, by posting as required by law, and that said petitions were signed by a majority of the landowners of the said county, whose lands were within two miles of the proposed improvement; that the kind of improvement prayed for, and the points between which it was proposed to construct said gravel road, were sufficiently described, and that viewers thereon should be appointed as provided by law. The board thereupon appointed viewers and an engineer, and took all the steps and made all the orders provided for and required in §6880 Burns 1894 (Acts 1893, p. 155). The report of the viewers and the engineer was filed July 5, 1900, and notice given that the cause would be heard by the board August 7, 1900, as required by §6882 Burns 1894. Benjamin Gifford, the appellant in this cause, on August 7, 1900, entered a special appearance to the said action, and objected to the sufficiency of the notice of the presentation of said petition, which objection was overruled by the board. He then protested against the action of the board upon the ground that the board did not have jurisdiction of the said cause. Said Gifford and another then filed separate remonstrances. Upon the hearing of the report and the remonstrances, the board found against the remonstrants, and made the findings and orders provided for in §§6883-6885 Burns 1894. From this order Gifford appealed to the Jasper Circuit

Court, where the cause was tried *de novo*. The objection and motions made by said Gifford before the board of commissioners were renewed in the circuit court, and overruled. The appellant also attempted to file a plea in abatement, but was denied the privilege. The cause was tried by a jury, and a verdict returned in favor of the petitioners for said improvement, and against the remonstrants. The court rendered judgment on said verdict, confirming and approving the benefits assessed, and that said improvement be made under said act as prayed for in the petition. The cause was then appealed by said Gifford to this court, where the judgment of the court below was affirmed. *Gifford v. Baker,* 158 Ind. 339. While said appeal was pending in this court appellant filed his petition against the appellees in the court below, alleging that the petition for the construction of said free gravel road was not signed by a majority of the resident landowners of the county whose lands were within two miles of the proposed improvement, as alleged in said gravel road petition, and found by the board of commissioners, and sought to review the action of the board of commissioners as to said finding of fact by writ of *certiorari.* It was also alleged in the petition filed in this proceeding that the petitioner had no knowledge of said proceeding until notice was given of the time of hearing the viewers' report, and that he had "used all the means in his power to get a hearing on these questions, and due diligence." Appellees' demurrer for want of facts was sustained to said petition, and final judgment was rendered against him.

The only method provided in the statutes of this State for the superior courts to review the action of an inferior court is by appeal. If a writ of *certiorari* may be issued by a superior court to an inferior court for the purpose of reviewing the action of such inferior court, it is by virtue of the common law, for the reason that the statutes of this State make no provision therefor. It is insisted by the appellees that the courts of this State have no power to issue

writs of *certiorari* for such purpose. The writ of *certiorari* was not a writ of right at common law, but was known as a discretionary writ. Not an arbitrary discretion, but a sound judicial discretion. Bouvier's Law Dict. (Rawle's ed.), title Certiorari, 302; Elliott, Roads & Sts. (2d ed.), §373; Harris, Certiorari, §§2, 3, 14, 55; 4 Ency. Pl. & Pr., 31, 33, 107; Note to *Duggen* v. *McGruder,* 12 Am. Dec. 530. As a general rule the writ will not be granted to review a proceeding where the right of appeal exists. *Davis County* v. *Horn,* 4 G. Greene (Iowa) 94; *McCrory* v. *Griswold,* 7 Iowa 248; *Savage* v. *Gulliver,* 4 Mass. 171, 178; Note to *Wulzen* v. *Board, etc.,* 40 Am. St. 30; Bouvier's Law Dict. (Rawle's ed.), title Certiorari, 301, 302.

In Elliott, Roads & Sts. (2d ed.), §372, it is said concerning writs of *certiorari:* "There is much conflict among the cases as to what can be accomplished by *certiorari,* and it is by no means easy to extract a satisfactory conclusion from them. By some of the courts it is held that the question of damages must be tried on appeal and can not be tried on *certiorari.* Other courts hold that the revisory court can do no more than consider the question of the jurisdiction of the inferior tribunal. There are other courts which hold that all errors of law may be reviewed. In other cases the holding seems to be, that where there is no remedy by appeal all questions may be reviewed, but where there is such a remedy the only question that will be considered is that of jurisdiction. It is generally agreed that *certiorari* lies only to correct errors of law, and not to review the evidence, but even here there is diversity of opinion, for some of the cases hold that the court may inquire on *certiorari* whether there was any evidence of a fact, and this inquiry, it is obvious, can not be made without a review of the evidence. The truth is that the office of a *certiorari* has been so much enlarged by the desire to make it fit particular cases, by some of the courts, that it has lost its original character, and

has become the offspring of a usurped power, for the courts which have so enlarged the office of the writ have supplanted legislation by a creature of their own." '

It will be observed that notice in the gravel road proceeding had been given as required by law, and the board had found and adjudged that proper notice had been given, and that the petition had been signed by the proper number of qualified persons, and appointed the viewers provided for in said act, and the viewers had filed their report; that on the day fixed for the hearing of the said report, appellant appeared for the first time and made the objection that the petition was not signed by the proper number of qualified persons. The petition did not show that it was not signed by the proper number of qualified freeholders, but on the contrary it was alleged therein that it was signed by the proper number as required by the statute, and the board had so found and adjudged. The statute invests boards of commissioners with general and exclusive original jurisdiction of proceedings for the construction of free gravel roads, and this court held in said cause on appeal (*Gifford v. Baker,* 158 Ind. 339) that appellant, not having appeared before the board and made his objection before the appointment of the viewers, was conclusively bound by the finding and judgment of the board on that question, and could not thereafter make said objections before the board, or in the circuit court on appeal. It has been uniformly held by this court in proceedings under said gravel road law and other laws of like character before the board of commissioners that any interested party may appear and contest questions as to notice, and whether the petition was signed by the number of persons possessing the qualifications required by such laws, and if such objections were not made before the appointment of the viewers, they could not be made afterwards, either before the board or in the circuit court on appeal. *Gifford* v. *Baker, supra,* and cases cited; *Miller* v. *Burks,* 146 Ind. 219, and cases cited; *Evans* v. *West,*

138 Ind. 621, 623-625; *Robinson* v. *Rippey,* 111 Ind. 112, 119; *Osborn* v. *Sutton,* 108 Ind. 443, 446, 447, and cases cited; *Wilkinson* v. *Lemasters,* 122 Ind. 82, and cases cited; *Forsyth* v. *Wilcox,* 143 Ind. 144, 147-150, and cases cited; *Irwin* v. *Armuth,* 129 Ind. 340; *Washington Ice Co.* v. *Lay,* 103 Ind. 48, 51, 52; *Forsythe* v. *Kreuter,* 100 Ind. 27, 29, and cases cited; *Breitweiser* v. *Fuhrman,* 88 Ind. 28, 29; *Green* v. *Elliott,* 86 Ind. 53, 57-66, and cases cited; *Wright* v. *Wells,* 29 Ind. 354, 356-358; *Little* v. *Thompson,* 24 Ind. 146, 150.

It was said in *Forsyth* v. *Wilcox, supra,* at page 147: "It is the settled law of this State that questions as to the qualifications of the petitioners, the sufficiency of notice, the formal averments of the petition, and other questions of like character, are waived by the failure of a remonstrant to raise them before the board; that the judgment of the board as to the sufficiency of notice is final, and that only such questions as have been affirmatively put in issue before the board, or such as may be permitted by amendment on appeal, may be tried in the circuit court. The case of *Green* v. *Elliott, supra,* fully considers the doctrine of waiver, and cites many decisions in this State supporting its conclusions. In the appellant's case, *Forsythe* v. *Kreuter, supra,* the court said: 'It is settled by the decisions of this court that nothing can be tried on appeal from the board of commissioners to the circuit court except what is put in issue before the board; and it is equally well settled that objections can only be taken to facts upon which the jurisdiction of the board depends, by appearing before the commissioners and making such objections at the time the petition is presented, and before the appointment of the viewers. Whether the petition was signed by twelve freeholders, six of whom resided in the immediate neighborhood, etc., was jurisdictional, and the finding of the commissioners on that subject was conclusive.' "

In *Little* v. *Thompson, supra,* the court said in regard to the jurisdictional questions: "The time for this inquiry, then, precedes the appointment of viewers. It can not be made afterward, and it must be made at that time, whether anyone appears to raise the objection or not. If anyone should appear at the time the petition is presented, and raise the objection, we think he might do so, and produce evidence touching the question of jurisdiction, without a plea in abatement. If the objection is not made at that time, the finding and judgment of the board upon that subject, entered of record, is in such a case conclusive upon it." This language was quoted with approval in *Gifford* v. *Baker,* 158 Ind. 339, 343.

In *Osborn* v. *Sutton, supra*—a gravel road proceeding—nine persons interested appeared before the board, before the committee appointed to make the assessment had reported, and moved the court to dismiss the petition because the petition was not signed by a majority of the resident landowners. In deciding the question it was said by the court: "The objection that the petition was not subscribed by the requisite number of freeholders, can not be successfully made after the board of commissioners has adjudicated that question. It was adjudicated in this case after notice to the appellants, and it was too late to present the objection that there was not a sufficient number of qualified petitioners, after the report of the viewers had been approved and the committee appointed."

Where notice of the presentation of the petition has been given by posting, as required by law, as in this case, all parties interested must, at their peril, give attention to the proceedings which ensue under the statute in such cause; and if any party has no actual knowledge of such proceeding from the legal notice given until after the viewers are appointed, this, as held in the cases cited, gives no cause for allowing him to object to matters which were determined

and adjudicated by the board before the viewers were appointed. *Adams* v. *Harrington,* 114 Ind. 66, 72.

If the objection that the petition was not signed by the requisite number of qualified freeholders can not be successfully made after the finding and judgment of the board on that question and the appointment of the viewers, either before the board of commissioners or in the circuit court on appeal, and such finding and judgment is final and conclusive, as held in the cases cited, it is clear that the same can not be reviewed by *certiorari.*

It is evident under the many decisions of this court as to the conclusive effect of such finding and judgment of the board when such objections are not seasonably presented, that judgments of the board of commissioners in such proceedings can not be successfully assailed unless absolutely void, in which case the remedy is by injunction.

It follows that the finding and judgment of the board of commissioners mentioned in this case can not be reviewed by writ of *certiorari.* As to the power of courts to issue such writs to review the actions of inferior courts in cases other than the class here involved, we express no opinion.

Judgment affirmed.