## Connolly *v.* Griswold.

Whilst a party is entitled to compensation for his property taken for public use, under section eighteen of the first article of the constitution of the state of Iowa, yet he is only entitled to such compensation in the manner prescribed by law.

It is only when the damages sustained by the establishment of a road, are assessed by a jury, that the compensation provided by section eighteen of the first article of the constitution, is to be paid, or secured to be paid.

Where no damages are claimed on account of the establishment of a road, or where the appraisers appointed in the manner prescribed by law, ascertain and report that the claimant is entitled to no damages, and no appeal is taken from their decision, that is the end of the question of compensation.

Where appraisers, appointed in the manner prescribed by law, to appraise the damages consequent upon the establishment of a road, report that the claimant is entitled to no damages, and no appeal is taken from the decision of the appraisers, there is no ground for an injunction to stay the opening of the road.

*Appeal from the Johnson District Court.*

FRIDAY, DECEMBER 17.

The petitioners presented to the county court of Johnson county, their several claims in writing, for damages sustained by them in consequence of the establishment of

Connolly v. Griswold.

a public road through their lands.  The county court appointed appraisers to view the ground, and report upon the amount of damages sustained by each claimant, who returned, as their report and verdict, that the petitioners had sustained no damage by reason of the location of said road.  The court overruled a motion of the claimants to reject the report, whereupon the present claimants demanded of the county court, the right to have a jury impannelled to determine the question of their right to damages, and the amount thereof.  The court ordered a jury to be impannelled, and directed a writ for that purpose to the sheriff.  The jury, after viewing the premises through which the road had been surveyed, and hearing the evidence of the parties, returned for verdict that the petitioners were entitled to no damages.  A motion to set aside the verdict of the jury was overruled, and the court made an order establishing the road, upon the parties petitioning therefor, paying the expenses thereof.

The complainants, the owners of the land through which the road was located, applied for, and obtained an injunction against the opening of the same.  The grounds on which the injunction was prayed are: 1. That the land through which the road was located, was in cultivation, and crops of grain were growing thereon, which had been sown before the final order was made for the establishment of the road.  2. That no compensation had been made, or secured to be made, to complainants, for their private property taken for the road for the public use.  The injunction was issued on the 7th of September, 1858.  At the October term of the district court for Johnson county, the defendants appeared, and moved the court to dissolve the injunction.  The motion was sustained, and this is the error now complained of by the appellants.

· *Edmonds & Ransom*, for the appellants.

· *Clark & Brother*, for the appellees.

STOCKTON, J.—I.   It is not claimed that the first ground urged for the granting of the injunction, any longer exists ; and no point is made by the complainants, that the injunction should have been sustained for the reason that the crops have not been gathered.

II.   The second ground on which the injunction was prayed, and which is now urged as a reason why the same should have been sustained by the district court, we think, is not sufficient.   The complainants were entitled to compensation for their private property taken for a public use. This is guaranteed to them by the bill of rights.   Section 18.   But they are entitled to it only in the manner prescribed by law.   It is only when the damages they have sustained by the establishment of the road, are assessed by a jury, that the compensation provided by the bill of rights is to be paid, or secured to be paid.   If no damages are claimed, or if the appraisers, appointed in the manner prescribed by law, ascertain and report that the claimant is entitled to no damages, and no appeal is taken from their decision, there is an end of the question of right to compensation.   There is certainly no ground for an injunction to stay the opening of the road.

It is not alleged, in this case, that the complainants had taken an appeal from the decision of the jury, on the question of their right to damages.   Their right to an injunction is not sought to be placed on the ground, that such appeal has been taken, and is yet undetermined.   If such was the claim of the complainants, and it had been shown that on such appeal, the question of their right to compensation, and of the amount to be paid or secured to them, was pending and undetermined, we should have been constrained to hold, in accordance with the ruling of this court, in the case of *The Trustees of Iowa College* v. *The City of Davenport*, *ante* 213, that the motion to dissolve the injunction should have been overruled.   As there is no such pending question, we think the complainants have no right

to an injunction, on the second ground urged, and the motion to dissolve the same was properly sustained.

Judgment affirmed.