## SPRAY & BARNES v. THOMPSON *et al.*

1. COUNTY COURT: APPEAL: CERTIORARI. A judgment in the County Court for damages sustained by the complainant by the removal of a road away from his property should be taken to the District Court by appeal, and not by *certiorari*.

2. SAME. An appeal from such a judgment embraces not only the question of the *amount* of damages recovered, but also whether *any* are recoverable in the case presented.

3. SAME: PRIVATE INTEREST. An order directing the removal of a road upon the payment, by the petitioners therefor, of the damages assessed, effects a private interest as contradistinguished from that of the public, and may be taken to the District Court by appeal.

*Appeal from Warren District Court.*

MONDAY, JUNE 13.

The respondents petitioned the County Court of Warren

County, for a change in a part of the State road leading from Indianola to Fort Des Moines, and their petition was granted, conditionally, as will be shown hereafter.

Spray & Barnes petitioned for damages in consequence of the change; claiming one thousand dollars therefor. They based their claim upon the ground, that "in May, 1855, they purchased a certain mill, situate on Middle River, where the State road referred to, now crosses said river, called 'Spray & Barnes' Mill,' for which they paid ten thousand dollars; and by the said contemplated change, the road will be removed from said mill nearly a mile, which removal will injure said Spray & Barnes to the amount aforesaid." Commissioners to assess their damages were appointed, who reported five hundred dollars in their favor.

The petitioners for the change, who are the defendants, demurred to the petition of Spray & Barnes, for the reason that it does not state that any of their land or property, is, or will be, taken by the said change in the road; nor that the road will pass over the land, or other private property, of said Spray or Barnes. They also demurred to the report of the commissioners allowing five hundred dollars as damages, for the reason that damages were assessed for no cause contemplated by law, but simply for removing said road from the mill of Spray and Barnes; and further, the same party moved the County Court to set aside the above mentioned report, because neither the petition of Spray & Barnes, nor the report, show any cause for damages known to law.

The County Court overruled the demurrers and the motion, and allowed the above sum as damages, and ordered the change prayed for, upon the condition that the petitioners for the change, the defendants herein, should pay the above damages, with other expenses, within a time in the order named.

Thompson and others, the petitioners for the change, then prayed the District Court for a writ of *certiorari*, which was allowed; and a return having been made, and the matter

having been heard and considered, it was adjudged that the decision of the County Court be reversed, and that the cause be remanded, from which order the plaintiffs appeal.

*Cole & Jewett*, for the appellants.

*P. Gad Bryan* and *Williamson & Nourse*, for the appellees.

WOODWARD, J.—The first question made, and the one principally discussed, is whether the writ of *certiorari* lies.

The statute (Code, sec. 1965) provides for it, in cases where there is no other plain, speedy and adequate remedy. If, then, there is another remedy, answering these requirements, this is not the proper one. And why does not appeal lie in such a case? It is true that the question is not as to the *amount* of damages assessed, and ordered to be paid by the petitioners, in order to get the road, but it is whether damages should be allowed at all. The claimants of damages do not ask them, upon the ground that any of their land, or other property, has been taken for the road, but because the road is removed away from their mill, near which it formerly ran.

The question is, whether this is such a taking of property —such an injury, as to entitle them to any damages, or rather, any compensation. Would not an appeal take up this question, as well as a similar question in any action? In a case where damages are given, an appeal embraces, not only the question of amount, but also whether any are recoverable; and under this, whether the *nature of the case* warrants them, as well as whether the facts shown authorize them; in other words, both whether the law gives them in such a case, and whether the petitioner deserves them in his case. We think, then, that an appeal would have carried this question to the District Court. And further, the order that the petitioners should pay these damages, in order to obtain the road, gives a sufficiency of private interest, as contradistinguished from that of the public.

We, then, necessarily, come to the conclusion, that as an appeal would lie, the writ of *cevtiorari* does not. This determination leaves no other question for discussion, and disposes of the case. The judgment of the District Court is reversed, and the cause is remanded, with direction to dismiss the writ of *certiorari*, and remand the cause to the County Court.