## McMahon v. The City of Council Bluffs.

1. Injunction against a municipal corporation. A city will not be restrained by injunction from causing the bed of a stream to run through one of the public streets, when it is not shown that such work will not permanently obstruct the highway or street.

2. Cases cited. *Connolly* v. *Griswold*, 7 Iowa 416; *Iowa College* v. *The City of Davenport*, Ib. 213; *McCrary* v. *Griswold*, Ib. 248; *Cotes & Patchin* v. *The City of Davenport*, 9 Ib. 228; *Creel* v. *The City of Keokuk*, 4 G. Greene 47; *Cowles* v. *Shaw*, 2 Iowa 469; *Milburn* v. *The City of Cedar Rapids*, and *Hughes* v. *The Mississippi & Missouri Railroad Company*, *ante* cited and followed.

*Appeal from Pottawattamie District Court.*

Thursday, October 17.

*Tuttle* for the appellant.

*Street & Crawford* for the appellee.

Wright, J.—Injunction to restrain the city from prosecuting a certain improvement, to-wit: changing the bed of a stream, called Indian Creek, so as to make it run, in part of its course, along Green street in said city, upon which

complainant had two lots.   Respondent moved to dissolve the injunction, sustaining his motion by several affidavits, to which complainant filed counter affidavits.   The motion was overruled, and respondent appeals.

Upon the authority of the following cases, we are of the opinion that the bill contained no equity and that the injunction should have been dissolved.   *Connelly* v. *Griswold*, 7 Iowa 416; *Iowa College* v. *City of Davenport*, Ib. 213; *McCrary* v. *Griswold*, Ib. 248; *Cotes & Patchin* v. *City of Davenport*, 9 Ib. 227; *Creel* v. *City of Keokuk*, 4 G. Greene 47. And see chapter 64, § 42, Laws of 1853, and chapter 102, Laws of 1857, § 13.    *Cowles* v. *Shaw*, 2 Iowa 496.

There is no allegation in the bill, that the work as it is being constructed, permanently obstructs the highway or street.   On the contrary the affidavits filed expressly and fully rebut any such conclusion and show also that it will not result in such obstruction.   Nor has complainant based her right to the injunction upon the ground that owning the adjacent lots, she had the fee to the middle of the street. No claim of this kind is made any where in the bill.   Granting that she did, however, see, *Hughes* v. *M. M. Railroad Company*, *Milburn* v. *City of Cedar Rapids*, ante.

.Reversed.