ABBOTT v. THE BOARD OF SUPERVISORS OF SCOTT COUNTY.

1. **Highway**: ESTABLISHMENT OF ROAD: NOTICE. Notice stating that application to establish a certain road will be made to the county auditor, who is *ex officio* clerk of the board of supervisors, or to the board of supervisors, is sufficiently certain.

2. —— CONSTITUTIONAL LAW. An order establishing a road, without directing compensation to the land owner, is not unconstitutional, where such owner makes no claim for damages in the method pointed out by law.

*Appeal from Scott District Court.*

WEDNESDAY, APRIL 23.

THE plaintiff filed in the district court of Scott county a petition for a writ of *certiorari* commanding defendants to certify to said court a transcript of the records and proceedings in reference to the establishment of a certain road. The plaintiff alleges that no notice was given whether the petition for the road would be presented to the county auditor or to the board of supervisors; that the commission appointing John Lambert to examine and report on said proposed road had no seal as required by law, and that the order for the establishment of the road was made, without payment being made or secured to plaintiff, as required by the constitution of Iowa, for taking his private property for public use. Plaintiff asks that the establishment of the road may be annulled.

The defendant demurred upon the following grounds: No illegality of the notice has been shown. Nowhere in law is a seal required to the commission of one appointed to examine and report upon a proposed road. It is not alleged that damages were ever claimed by plaintiff. Demurrer sustained. Plaintiff appeals.

*Cook, Richman & Bruning* for the appellant.

*Ernst Claussen* for the appellees.

DAY, J. — I. The notice of the application for a road stated that on a certain date a petition would be presented to the county auditor or to the board of supervisors.

1. HIGHWAY: establishment of road.

Section 328 of the Revision provides that the board of supervisors may confer upon their clerk power to perform such duties as cannot be performed by the board without too much delay or inconvenience.

Chapter 160 of the Laws of 1868 makes the auditor clerk of the board of supervisors. Section 2 thereof authorizes him

to exercise the duties now performed by the clerk of the board of supervisors in relation to the establishment of roads, and for that purpose gives him jurisdiction to receive petitions, etc., subject to the final review of the board of supervisors.

When the board of supervisors are in session no delay or inconvenience arises from the necessity of the presentation of the petition for a road to them.

Hence they can confer upon their clerk authority to receive such petition only when they are not in session. The effect of the notice in this case is, that if the board of supervisors should be in session at the time named, the petition would be presented to them, and that, if they were not in session, it would be presented to the county auditor, their clerk. By this notice no one could be misled. *Id certum est quod certum reddi potest.*

II. The error assigned upon sustaining the second ground of the demurrer has received no attention in the argument, and hence is regarded by us as waived. *Snyder* v. *Eldridge,* 31 Iowa, 129 ; *Clise* v. *Freeborn,* 29 id. 110, and cases cited.

III. The principal question presented is as to the constitutionality of ordering the establishment of the road, without compensation first made or secured to the proprietor over whose land the road passes, when he has made no claim for damages. Constitution, art. 1, § 18 ; Revision, § 841.

2. —— constitutional law.

This question cannot now be considered an open one. It arose directly in 1858. *Connelly* v. *Griswold,* 7 Iowa, 416, and *McCrory* v. *Griswold,* id. 248.

These cases both arose under the new constitution, and in them it was held that the owner of property taken for a highway is entitled to damages only in the manner prescribed by law, and that, if he claims no damages, none need be awarded. This doctrine has uniformly been adhered to from that time to the present. In *Dunlap* v. *Pulley,* 28 Iowa, 469, decided in 1870, these cases were approved and followed. Under such circumstances, *Stare decisis, et quieta non movere* is a maxim necessary, salutary and just.      Affirmed.