## VANCLEAVE v. CLARK et al.

**Appeal:** FROM BOARD OF SUPERVISORS: ROAD PROCEEDINGS. The apprais-
ers assessed plaintiff's damages for the establishment of a road through
premises claimed by him, at $50, but the board of supervisors rejected
his claim for damages altogether, on the ground that he was not the
owner of the land taken. From this decision plaintiff appealed, specify-
ing in his notice of appeal that he "does not appeal from the assessment
of the jury, with which he is content, but from the decision of the board
that he has no interest in the land entitling him to damages." *Held*,
that the appeal was in effect from the final decision of the board refusing
to allow plaintiff damages, and should be entertained.

*Appeal from Monroe Circuit Court.*

WEDNESDAY, OCTOBER 8.

APPEAL by plaintiff from the board of supervisors, on the
assessment of damages, upon a change in a county road. The
facts are stated in the opinion.

*Perry & Townsend* for the appellant.

*Anderson & Stuart* for the appellees.

MILLER, J. — In July, 1871, a petition was presented to the
board of supervisors of Monroe county, asking for a change
in the Bloomfield and Winterset road. A commissioner was
appointed, who reported in favor of the proposed change.
The plaintiff made a claim for damages, and appraisers were
appointed by the board, who appraised his damages at $25.
Subsequently the board discovered an error in the commis-
sioner's report, and referred the matter back to him to make
a review and survey of the proposed road, and report to the
board at the October session, 1871.

At such session the commissioner reported, and the plaintiff
claimed further damage caused by the fact that in the re-survey
of the road additional land belonging to him was taken. The
board appointed the same appraisers, who allowed the plaintiff
$25.50 additional damages."

The matter coming up for final hearing before the board at their January session, the board rejected plaintiff's claims for damages altogether, on the ground, as appears by their records, that the plaintiff was not the owner of the land taken by the road. From this decision of the board plaintiff appeals, specifying in his notice of appeal that he "does not appeal from said assessment made by the jury, but is content to accept the amount thus assessed, to wit, $50.00, but does appeal from the decision of the board that he has no interest in the land entitling him to any damages."

The cause coming up in the circuit court the defendants filed a motion to dismiss for the following reasons:

1. "Plaintiff does not appeal from the decision and finding of said board upon the question of damages.

2. "Plaintiff has no right or power by law to take a special appeal from the conclusions of said board upon which they base their ultimate decision upon questions of damages.

3. "Plaintiff does not appeal from any question decided by the board, upon which they have not the right to make final adjudication.

4. "Plaintiff does not appeal from the final decision of the board of supervisors upon the question of damages."

The court sustained this motion and dismissed the appeal. This ruling is now assigned as error. It was erroneous. The appeal is taken from the *decision* of the board refusing to allow the plaintiff any damages. If by the decision plaintiff had been allowed only a part of his damages, there would have been no question as to his right to appeal therefrom. *Spray & Barnes* v. *Thompson*, 9 Iowa, 40 ; *McCrory* v. *Griswold*, 7 id. 248 ; *Umbarger* v. *Bean*, 15 id. 256 ; *Prosser* v. *Wapello County*, 18 id. 327 ; *Warner* v. *Doran*, 30 id. 521. Can it be otherwise when the board have denied *in toto* the damages claimed ? Certainly not. By the decision of the board the plaintiff's entire claim for damages is denied. From this *decision* the plaintiff appeals. He does not appeal from the verdict of the jury. From this he could not appeal, and whether, by the notice of appeal, the plaintiff could limit the

matters to be tried on appeal or not, most clearly his attempt to do so did not authorize the court to dismiss the appeal altogether. The notice of appeal expressly states that the appeal is from the "*order and decision*" of the board by which his damages were denied him. The record it is true states the *grounds* of the decision to be that plaintiff did not own the land, but that it does so is no reason why an appeal from the decision should be dismissed.

The order of the circuit court dismissing the appeal will be
Reversed.