## Case No. 17,748.

WILLIAMS MOWER & REAPER CO. v. RAYNOR.

[7 Biss. 245.][1]

Circuit Court, E. D. Wisconsin. Aug., 1876.

CONTEMPT PROCEEDINGS — REMOVED CASE — ENFORCING PREVIOUS DECREES OF STATE COURT—APPEAL.

1. Where, in an action in a state court, an order was made for the production of sworn copies of books and papers, which was disobeyed, and contempt proceedings instituted and an order made therein, and subsequently the cause was removed to the United States court, the latter court will recognize and enforce the order of the state court in the contempt proceedings as appertaining to the action removed.

[Distinguished in Kirk v. Milwaukee Dust Collector Manuf'g Co., 26 Fed. 506.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

2. But if an appeal from the order in the state court has been taken to the supreme court, the United States court will hold in abeyance proceedings for the enforcement of the order in question until the appeal is disposed of.

3. The fact that the contempt proceedings in the state court were not entitled in the cause removed, but in the name of the people of the state, will not prevent the United States court from reviewing the proceedings, if such proceedings were in reality in aid of the civil suit.

This action was commenced originally in the state court. On the 26th day of December, 1874, an order was entered in the action requiring the defendant to deliver to the plaintiff sworn copies of entries in certain books kept by the defendant, and of certain notes, contracts and other writings alleged to be in his possession, the purpose of which proceeding was to enable the plaintiff to prepare a complaint in the action. On appeal to the supreme court of this state, this order was affirmed. On the 6th day of January, 1876, the state court made an order that an attachment be issued against the defendant as for a contempt in not complying with the order of December 26, 1874, and pursuant thereto, an attachment was issued. Upon issue formed, an inquiry was instituted as to whether the defendant was guilty of the misconduct alleged; the result of which proceeding was that on the 12th of February, 1876, the defendant was adjudged guilty of contempt, in not obeying the aforesaid order of December 26, and he was ordered to forthwith deposit with the clerk of Milwaukee county court, where the action was then pending, the books mentioned in said previous order, and to pay to the Williams Mower and Reaper Company its costs in said proceedings. amounting to $110.80, and it was directed that he be committed to the jail of Milwaukee county, there to remain until the said costs should be fully paid and this order of February 12th should be fully complied with. These contempt proceedings were entitled, "The State of Wisconsin ex rel. The Williams Mower and Reaper Company v. Wm. C. Raynor." On the 23d day of February, 1876, and within thirty days from the entry of the last mentioned order, but subsequent to the filing of a petition by the plaintiff for the removal of the cause to this court, an appeal was taken from the order of February 12, to the supreme court of Wisconsin, an undertaking for stay of proceedings was at the same time filed pursuant to the state statute, and that appeal is now pending. On the fourth day of March, 1876, the state court, on application of the plaintiff in the action of the Williams Mower and Reaper Company v. Raynor, made an order removing that cause to the United States circuit court, and the entire record including that of the contempt proceedings, is now in this court.

H. M. Finch, for plaintiff.

Jas. G. Jenkins, for defendant.

DYER, District Judge. Application is now made for an order requiring the defendant Raynor to forthwith file with the clerk of this court all of the books, papers, notes and writings mentioned in the order of the state court dated February 12, and that he pay to the plaintiff the money mentioned therein, and in all things comply with that order, or in default thereof that he be punished as in said order provided.

This application is made under that provision of the statute of the United States, relating to the removal of causes into the courts of the United States, passed March 3, 1875, which declares that all injunctions, orders, and other proceedings had in a suit prior to its removal, shall remain in full force and effect until dissolved or modified by the court to which such suit shall be removed. 18 Stat. p. 471, § 4.

Resistance is made to the application upon the general ground that the proceedings which culminated in the order of February 12, adjudging the defendant guilty of contempt, were not proceedings in the action of the Williams Mower & Reaper Co. v. Wm. C. Raynor, but were in their character essentially independent of that action, and had for their object the vindication of the defied authority of the state court; that they were not taken in the civil action nor properly entitled in that action, but were proceedings in the name of the state, and were not transferred to this court with the removal of the main action.

I was strongly impressed with this reasoning upon the argument. Reflection upon it, however, has led me to doubt its correctness. While the proceeding in question, as argued, had as one object the punishment of the party for disobedience of a previous order of the court, it at the same time enforced a civil remedy in behalf of the plaintiff in the main action. Though it was a proceeding entitled in the name of the state on the relation of the plaintiff in that action, and was in a certain sense independent of the action as a proceeding involving punishment for an alleged neglect or violation of duty, it was also, I think, a step taken in the original action to secure the production of the books and papers in question for the benefit of the plaintiff. It was a special proceeding in the action, and its connection with the action does not, as it seems to me, rest wholly in the defiance of the authority of the court which was exercised in that particular action. It necessarily involved the enforcement of a civil remedy to which it had been adjudged the plaintiff was entitled in the action, and the protection of an alleged right of the plaintiff for the purpose of enabling him to proceed therein. The intimacy of connection between the main action and the special proceeding is so great, that I am not prepared to admit that, if the former were to be dismissed or discontinued, the latter would still stand for prosecution as an independent proceeding. The sole object of the proceeding was not to vindicate the defied authority of the court. The argument of counsel would be complete as addressed to a case of purely criminal contempt, where the sole object was to support and maintain such authority. There is a well recognized distinction between those proceedings for contempt which are merely in the nature of civil remedies for the benefit of the party injured and those aimed at conduct which tends directly to interrupt the proceedings and impair the authority of the court. Like the case of State v. Brophy, 38 Wis. 424, where the supreme court of this state discuss this subject, the proceeding resorted to in the present case had not for its primary object the vindication of the authority and dignity of the court, but was to enforce a civil remedy and to protect the alleged rights of a party in a civil action. It was for the benefit of the party injured, and so not to be confounded with a prosecution for a criminal contempt. The last mentioned proceeding would be "one intended to punish conduct which impairs the authority of the court, and impedes the due administration of justice, and the other is one calculated to indemnify a party for the loss or injury produced by the misconduct alleged." The order which this court is now asked to enforce, substantially repeated the previous order of the state court in its requirement that the defendant produce or deposit for examination by the plaintiff the books and papers in question. It also required the payment to the plaintiff of the costs of the special proceeding, and ordered the defendant committed until he should comply with these requirements.

From these views it follows that the order in question is one which under the statute of the United States, may be recognized and enforced by this court, as appertaining to the action removed. I however regard the appeal from that order taken by the defendant to the supreme court of this state and now pending in that court, as a fact that this court ought to regard in its action which is now invoked, and will hold in abeyance proceedings for the enforcement of the order in question, until that appeal is in some manner disposed of.