Sunberg v. The District Court of Linn Co. et al.

REVERSED.

---

61  597
118  528

SUNBERG v. THE DISTRICT COURT OF LINN CO. ET AL.

1. **Appeal to Supreme Court**: REPLEVIN: SUBSTITUTION OF DEFEND-ANTS: TRANSFER TO FEDERAL COURT. An appeal lies from an order in a replevin suit against a sheriff, discharging the sheriff as defendant, and substituting as defendants the parties in whose interest the sheriff had seized the goods replevied; and the right to such appeal is not defeated by the fact that, after such substitution, the cause was transferred, on motion of the substituted defendants, to the federal courts.

2. **Certiorari**: WHEN IT WILL NOT LIE. *Certiorari* will not lie where there is a remedy by appeal, or when a party fails to appeal within the time prescribed by law; nor will it lie to correct the mere errors of a court acting within the limits of its jurisdiction.

*Certiorari.*

WEDNESDAY, OCTOBER 3.

THIS is an original proceeding commenced here by petition,

upon which, pursuant to an order made by one of the justices of this court, a writ of *certiorari* was issued. A return to the writ has been made, and defendants have filed a demurrer to the petition.

*J. B. Young*, for plaintiffs.

*Herrick & Doxsee* and *E. Keeler*, for defendants.

BECK, J.—I. The petition alleges that plaintiffs commenced an action in the district court of Linn county against B. F. Seaton, sheriff, to recover the possession of a stock of goods wrongfully seized upon an attachment issued against P. and N. Ohlquist, in an action brought by certain of their creditors; that John V. Farwell & Co., citizens of the state of Illinois, appeared in the case and, upon their motion, were substituted as defendants in the action, and the sheriff, Seaton, was discharged from all liability to any of the parties in the action; subsequently, upon the application of John V. Farwell & Co., the cause was transferred to the U. S. circuit court, and that, upon the motion of plaintiff, that court entered an order remanding the cause to the district court of Linn county, but the operation of the order was suspended until this or a like case should be determined in this court.

The petition alleges that, after the order transferring the cause to the U. S. court, nothing remained in the state court from which an appeal could have been taken, and that plaintiffs have no remedy other than by *certiorari*. The plaintiffs ask in their petition that the order of the district court, substituting Farwell & Co. as defendants, and releasing Seaton, and transferring the cause to the U. S. court, may be set aside as having been made without authority.

As grounds of demurrer, among others, it is shown by the allegations of the petition that plaintiffs had a plain, speedy, and adequate remedy by appeal, and that the orders of the district court complained of are within the limit of its juris-

diction. The other grounds of demurrer need not be here stated, and it becomes necessary to consider only those mentioned, as the points made are decisive of the case.

II. In our opinion the plaintiffs could have prosecuted an appeal, wherein the decision of the district court, discharging the original defendant and substituting other parties in his place, could have been reviewed. The order affects substantial rights of the plaintiffs, and prevented a judgment against the defendant, which is the relief sought by plaintiffs in the action. Under the statute, an appeal may be prosecuted from this order, unless the right of appeal be defeated by the order transferring the cause to the U. S. court. See, Code, § 3164.

1. APPEAL to supreme court: replevin: substitution of defendants: transfer to federal court.

We think the transfer of the case cannot defeat the right of appeal. If it should be so held, parties would be deprived of remedies secured by law, and the jurisdiction of this court to review decisions of the state court and correct errors therein would be abridged. The statute authorizing the transfer ought not to be so construed as to have this effect. The transfer should be delayed until an appeal taken is disposed of, or, if taken after the transfer, the cause should be delayed in the U. S. court until the appeal in the state court is determined. A practice has been adopted by the U. S. circuit court of the seventh district in accord with the course last suggested. *Williams Mower & R. Co. v. Raynor*, 7 Bissell, 245.

III. We will not determine the question whether an appeal will lie from the order transferring the case to the U. S. court. It is of great moment, and is not discussed by counsel. Questions of this character should not be decided except upon argument.

SAME.

It is plain that if no appeal lies by reason of the transfer to the U. S. court, whereby the state courts, both district and supreme, are deprived of jurisdiction of the cause, *certiorari* cannot be prosecuted. If the cause has wholly passed

into the jurisdiction of the U. S. court, and does not remain in the district court, we can have no jurisdiction to review the judgment; for there is no case pending there.

We are sure that an appeal will lie to the court from the order discharging the original defendant and substituting other parties. Upon this appeal from that order the controlling question in the case could have been decided. We are informed by plaintiffs' petition that the cause is suspended in the U. S. court, awaiting the decision of this court in the case, and another on appeal, involving the validity and regularity of the order of the court substituting new defendants in the case. It will be discovered that the decision of the case before us is, therefore, of but little practical importance in settling the rights of the parties.

IV. *Certiorari* will not lie when there is a remedy by appeal, or when the party fails to appeal within the time pre-
2. CERTIORA- scribed by law. *Fagg v. Parker*, 11 Iowa, 18;
RI: when it
will not lie. *Ind. School Dist. of Asbury v. The Dist. Court of Dubuque Co.*, 48 Iowa, 182. The plaintiffs, having failed to prosecute an appeal, cannot now seek relief by *certiorari.*

V. The order in the district court transferring the cause to the U. S. court was within its jurisdiction. While the
order may have been erroneously made, it cannot
SAME. be claimed that the court exceeded its jurisdiction. The petition does not show that the court acted illegally, that is, that its proceedings were not in accord with law, in transferring the case. The real ground of complaint is that the court erred in substituting new defendants in the action. If they had been regularly and lawfully substituted, there would have been no irregularity or error in transferring the case. The order to that effect cannot, therefore, be reviewed upon *certiorari*, for the court in making it did not "exceed its proper jurisdiction, or otherwise act illegally." Code, § 3216.

The demurrer to plaintiffs' petition is sustained, and the cause is                                    DISMISSED.