GEORGE P. JOHNSON, Appellant, v. THE BOARD OF SUPERVISORS OF STORY COUNTY and W. R. DODDS, Appellees.

**Constitutional law:** ESTABLISHMENT OF DRAINAGE DISTRICTS: NOTICE.
A legislative enactment will not be held unconstitutional unless it is plainly and palpably illegal. Under this rule the statute providing for the establishment of drainage districts upon notice by publication is not unconstitutional, as authorizing the taking of property without due process of law, because failing to provide for personal service upon residents of the county.

*Appeal from Story District Court.*—HON. R. M. WRIGHT, Judge.

WEDNESDAY, MAY 4, 1910.

SUIT in equity praying an injunction against the defendants to restrain them from constructing a drainage system across the lands of plaintiff. There was a demurrer to the petition, which was sustained. Plaintiff appeals. *Affirmed*.

*McCarthy & Luke,* for appellant.

*Fitchpatrick & McCall* and *E. H. Addison,* for appellees.

EVANS, J.—The following statement from appellant's argument is a fair presentation of the allegations of his petition:

On the 11th day of February, 1908, one Will Dodds, one of the defendants herein, filed a petition in the auditor's office of Story County, Iowa, asking the board of supervisors of said county to establish a drainage district which would run across the lands of plaintiff, and which would have its outlet, and discharge the water thereby collected, upon his said land. On the 18th day of February, 1908, said board of supervisors appointed an engineer to examine the lands described in said petition, survey the same, and to make a return of his findings in the matter to the county auditor as by law provided. Nothing more was done in the said matter until the 11th day of August, 1909, when the said engineer made his return and reported favorably on the establishment of the said drainage district. Thereupon the board of supervisors caused a notice to be published for two consecutive weeks in the Ames Intelligencer, a weekly newspaper published at Ames, Story County, Iowa, the last of which publication was on the 2d day of September, 1909. Said notice setting the date for hearing on the said petition for the 24th day of September, 1909. That no personal service whatsoever was served on the plaintiff herein, nor did he receive any actual notice of the said proposed hearing. That late in the evening of September 18, 1909, and after the auditor's office was closed for that day, he learned through others of the publication of the said notice. That the 19th day of September came on Sunday, and on the 20th day of September, 1909, he made out his claim for damages in the sum of $1,500, and filed the same with the auditor of said county. That on the 24th day of September, to wit, the day set for hearing on the establishment of the said drainage district, he also filed in the auditor's office an affidavit setting forth these facts as to his not receiving notice or hearing of the same until late in the evening of the said 18th day of September,

1909, and asking the said board of supervisors to con- sider his claim for damages as though filed five days prior to the said 24th day of September. The board of supervisors refused to consider his claim, for the reason that it was not filed five days prior to the said 24th day of September, 1909, refused to appoint appraisers to ascertain the damages which this plaintiff might sustain by the construction of the said drainage system. They then established the said drainage district as prayed and asked in the said petition without any action other than as before stated in reference to the plaintiff's claim for damages.

The following statement of errors relied on contained in appellant's brief furnishes the basis and outline of his contention:

The parties affected by proceedings of this nature, who are actual residents of the county and state, are entitled to actual and personal service of notice. That the substituted section for 1989a3 of the Supplement to the Code, being section 3, of chapter 118 of the Acts of the Thirty-third General Assembly, providing for the establishment of drainage districts simply by publication of notice, is as to actual residents of the county and state void and unconstitutional, for the reason that it deprives such actual residents of their property without due process of law.

(2) That even, if the Legislature had the right to provide a substitute or constructive service in actions or proceedings of this kind as against actual residents of the county and state, then the notice provided for by said section above referred to is arbitrary, unreasonable, insufficient, and inadequate, for the reason that it is not such a notice as would be most apt or probable to bring the matter to the personal notice of the parties affected, and is therefore void and unconstitutional, for the reason that it deprives such persons of their property without due process of law.

(3) That the establishment of the drainage districts under the notice prescribed in the said section would result in taking private property for public use without just com-

pensation being first made or secured to be made, and is therefore void and unconstitutional under section 18 of the Bill of Rights of the state Constitution. That in this specific case the plaintiff's property is being taken for public use without just compensation being made or secured to be made, and the acts of the defendants are void and unconstitutional, under the said section 18 of the said Bill of Rights.

Appellant cites for our consideration authorities which hold that notice by publication is a drastic remedy, and is in contravention of the common law, and is allowable only out of necessity, and usually as against nonresidents only, or such as so absent themselves as to prevent personal service of notice upon them. Plaintiff's case, as shown by his petition, apparently involves much hardship. Whether he could have compelled the board of supervisors to have heard his claim for damages by proper proceedings under the circumstances shown in his petition, we have no occasion to consider. The one question presented for our consideration is whether the statute referred to is unconstitutional because it provides for notice by publication only even as against residents of the county who are available for personal service. We can not hold an enactment of the Legislature unconstitutional unless it is plainly and palpably so. The statute under consideration is a part of title 10 on the general subject of "Internal Improvements." This subject of "Internal Improvements" involves to a considerable extent the police power of municipal bodies. This is particularly so as to those improvements which affect the public health. We have held that even in such cases the Legislature has no power to dispense with all notice to property owners whose property is proposed to be taken, but we have never placed a limitation upon the power of the Legislature to prescribe the kind of notice and method of service. In the matter of assessment of benefits for such improvements, notice by

publication has been the usual method prescribed by statute, and the power of the Legislature to prescribe such method for such purpose has seldom been questioned. On that particular question the authorities are quite universal in support of a notice by publication. See *Lyman v. Plummer,* 75 Iowa, 353. We see no logical ground of distinction whereby we may say that the Legislature has power to prescribe a notice by publication for the purpose of assessing benefits, and yet has no power to prescribe such notice for the purpose of laying improvements through the land of a property owner. Plaintiff's argument here is well worthy of the consideration of the Legislature. The method prescribed undoubtedly may work great hardship, but the faults of the method can be readily corrected by the Legislature. We can not say that the enactment is void under the rules that govern us in passing upon the constitutionality of statutes. This was the conclusion reached by the trial court, and its order is *affirmed.*