C. M. GOEPPINGER et al., Appellants, v. BOARDS OF SUPERVISORS et al., Appellees.

**CERTIORARI:** Jurisdiction and Appeal as Excluding Certiorari.
1  Jurisdiction of the subject-matter, with right of appeal from proceedings relating thereto, excludes certiorari. So held in drainage proceeding.

**DRAINS:** Inter-County Ditch—Excluding Lands of One County—
2  Further Publication of Notice—Useless Acts. Useless acts appeal not to the law. When lands of one county in an inter-county drainage proceeding are excluded from the proposed district on the report of the commissioners and engineer, no further publication of the proceedings need be made in such excluded county in order that the supervisors may retain jurisdiction of the proceedings as to the lands of the remaining counties. (Sec. 1989-a29, Sup. Code, 1913.)

**DRAINS:** Non-Service of Notice—Who May Complain. Under the
3  Drainage Act, the landowner is not his brother's keeper. If the landowner is properly served with notice or voluntarily appears, he cannot effectually complain that his brother landowner, or his tenants (who are not complaining), have not been served.

**DRAINS:** Drainage Act—Liberal Construction—Substantial Compliance.
4  pliance. Substantial compliance with the provisions of the Drain-

age Act is all that can be expected and all that the statute exacts. (Sec. 1989-a46, Sup. Code, 1913.)

**DRAINS:** Establishing Districts—Notice by Publication—Due Process—Constitutional Law. The constitutional right to establish drainage districts on service by publication reaffirmed.

**DRAINS:** Damages—Failure to File Claims—Waiver. Generally speaking, one may waive a constitutional right, as well as any other right. One who fails to file his claim for damages under our Drainage Act, in the manner provided, waives all claim to such damages. (Sec. 1989-a30, Sup. Code, 1913.)

*Appeal from Sac District Court.*—HON. F. M. POWERS, Judge.

THURSDAY, APRIL 8, 1915.

REHEARING DENIED TUESDAY, OCTOBER 5, 1915.

THE plaintiffs commenced an. action in certiorari in the district court to review the proceedings of the boards of supervisors of Sac, Buena Vista and Calhoun counties in the matter of a joint drainage district in refusing to consider a claim for damages made by appellants and in failing to appoint appraisers to appraise the same. A return was made to the writ, and the appellees filed a motion to annul the writ. The motion was sustained, and the plaintiffs appeal to this court.—*Affirmed.*

*Whitaker & Snell* and *John A. Hull,* for appellants.

*John W. Jacobs, Guy E. Mack* and *R. L. McCord,* for appellees.

PRESTON, J.—1. Forty pages of the abstract are taken up with the printing of the petition and the return of the writ. In the return, all proceedings had are set out. We cull from the record that appellants are the owners of a half section of land in Sac county. Appellees are the boards of supervisors, the several members thereof, the county auditors of the counties before named, and the drainage district con-

cerning which the proceedings taken by them are complained of. A petition dated April 14, 1908, in due form, with proper bond, was filed in the offices of the county auditors of Sac, Buena Vista, Calhoun and Pocahontas counties by Ira Conger *et al.*, in which the establishment of a joint drainage district was asked. The petition states that this drain would cross the west side of the southwest quarter of section 12, owned by appellants; that the drain would follow, as nearly as practicable, the natural watercourse now running across said sections. A plat was attached to and made part of the petition. Thereafter, in due time, the boards of supervisors of said counties each appointed a commissioner, and the commissioners selected an engineer and proceeded to the performance of their duties. They made a full report, which shows the starting point, route, terminus of the improvement, with plat and profile thereof, the course and length of the improvement through each tract of land, and the elevation. The report of the commissioners and engineer recites:

"That the petition for this improvement included some land in Pocahontas county, but, after having carefully examined this land, we find that a joint drainage improvement between Pocahontas and Calhoun counties has been constructed, outletting into Section Seven, Calhoun county. This outlet is nearly two miles from the Pocahontas county line and has sufficient fall to provide an outlet for all the affected land in Pocahontas county included in this district. Therefore, we have been forced to conclude that the land in Pocahontas county included in this petition will not receive any benefit from the construction of this drain, and, therefore, could not be included within the proposed district."

This report was filed in the office of the county auditor of Buena Vista county on the 30th day of September, 1910, and in the offices of the auditors of Sac, Calhoun and Pocahontas counties on the 4th day of October, 1910. Because no

land in Pocahontas county is affected or included in the district, that county does not appear in the further proceedings. Thereafter, the auditors of Sac, Calhoun and Buena Vista counties published notices in a newspaper in each county, and these notices were directed to a number of parties by name, among them the plaintiffs, whose names were shown in the return as being in the list of owners of real estate as shown by the transfer books in the auditor's office. Notice was also directed to unknown claimants and "to all whom it may concern," and refers to the petition of Ira Conger *et al.*, and states the filing of his petition, praying that a ditch be constructed, describing the course of the ditch. The notice contained the usual recitals of the appointment of the commissioners and the selection of the engineer, and states that, on the 30th day of September, 1910, the return had been filed. This was the date when the return was filed in the office of the auditor of Buena Vista county, and the notice was published after the 4th day of October, 1910, when the return was on file in the offices of the auditors of all the counties. The notice also describes all the lands affected by this drainage district and refers to the return of the commissioners and the fact that they recommend the construction of one main and twenty-four laterals. The notice also describes appellants' land and states to the owners and to all whom it may concern:

"You are notified that the boards of supervisors of Buena Vista, Sac and Calhoun counties will meet in joint session at the office of the auditor of Sac county, Iowa, on December 8, 1910, at nine o'clock A. M., and that all objections must be filed in either auditor's office not later than the time of meeting, and that all claims for damages must be filed in one of said auditors' offices not less than five days before the 8th day of December, 1910, or said district would be located and established without reference thereto."

Parties were referred to the plat, profile and report of the commissioners for particulars. Publication was made in a newspaper of general circulation in each county for two weeks, giving the statutory length of time intervening, prior to the meeting. At the meeting thus held on December 8, 1910, John L. Goeppinger appeared for the appellants, but filed no claim and made no objections, and, claims having been filed by other parties, the boards passed the usual preliminary resolution and appointed appraisers to appraise damages of the parties presenting claims. The plaintiffs not having filed a claim within the five-day limit, the appraisers were not directed to appraise their damages.

The boards, pursuant to adjournment, met on the first day of February, 1911, and at this meeting, the plaintiffs appeared by John L. Goeppinger, their agent, and J. J. Snell, their attorney, and filed a claim for damages, and also filed objections. Their objections were, in substance: that no notice had been given; that said drain was to be constructed out of the natural watercourse; and that any notice given was insufficient to appropriate their property; and that such appropriation was without due process of law. Thereupon, and on said date, the boards passed a final resolution establishing the district. On February 17, 1911, appellants gave notice of appeal to the district court of Sac county, Iowa, and filed an appeal bond in the sum of five hundred dollars. The notice recites that they have appealed from the action of the joint.boards of supervisors of Sac, Buena Vista and Calhoun counties, Iowa, had on the first day of February, 1911, whereby a county drainage district and a county drain affecting two or more counties was established by said boards over and across the land of plaintiffs, and that the appeal was taken to the March term of said court, to be begun March 6, 1911, at which time said appeal would be tried in the district court as an ordinary proceeding, as provided by statute. The notice of appeal and the appeal bond were filed and approved.

On May 10, 1911, this appeal came on before the district

court for trial, and the plaintiffs dismissed it at their costs. No reasons therefor were given; the record simply recites that plaintiffs dismiss the appeal at their costs.

It is stated in argument, and the petition alleges, that plaintiffs are not residents of any of these counties, but we do not find that the return shows that fact. It is also alleged in the petition that plaintiffs' property was occupied by tenants, but their names are not given, and there is no showing as to whether such is the fact, or that the property is occupied by anyone. In the view we take of the matter, this is not very material, because notice was given to plaintiffs, as owners, in the manner provided by statute, and we think plaintiffs may not complain in a case of this kind that the occupants of plaintiffs' land, if there were any, were not notified by name, or in any manner different from that stated in the notice to plaintiffs and other property owners by name and to all whom it may concern.

The motion to annul was upon the following grounds:

"1. That the defendants in the establishment of the drainage district and in all matters and procedure relating thereto have acted in conformity to law and the statutes relating to the location, establishment and construction of the drainage improvement in said district.

"2. That the drainage proceedings were in accordance with law in the establishment and construction of the drainage improvement, and defendants had jurisdiction at all times thereof, and of all matters pertaining thereto.

"3. That the action of the boards of supervisors of Sac, Buena Vista and Calhoun counties, in refusing to consider the purported claim for damages of the petitioners and in refusing to appoint appraisers to appraise the same, was legal and that the boards acted within their jurisdiction.

"4. That by the failure of the petitioners to file their claim for damages in the time provided by the statute, the said petitioners waived all right thereto.

"5. That the record in this cause shows that the petitioners appealed to the district court of the state of Iowa, in and for Sac county, from the action of the boards of supervisors in refusing to consider their claim for damages and in refusing to appoint appraisers to appraise the same and from the order establishing said district and thereafter dismissed the same and said petitioners thereby waived any and all right of damages and are estopped from prosecuting this action.

"6. That the record shows that after the filing of the' purported claim for damages the petitioners appealed from the action of the said boards of supervisors of Sac, Buena Vista and Calhoun counties to the district court of Sac county, Iowa, and thereafter dismissed their cause of action, and that the remedies provided by Chapter 2-A, Title 10, of the Supplement to the Code of 1907, are exclusive and the only proper and available remedies to the petitioners, and that by the action of the petitioners in dismissing their said appeal, they have waived any illegality in the proceedings relative to said drainage district.

"7. That the petitioners by reason of their failure to prosecute said appeal have waived and lost their remedies provided by the statute and are estopped to avail themselves of the remedy sought in this action.

"8. That appellants had a plain, speedy and adequate remedy by appeal."

2. The motion was sustained. The statute provides for an appeal to the district court from the amount of damages allowed and from the order establishing the district. And Sec. 1989-a46, Code Supp., 1907, provides:

1. CERTIORARI: jurisdiction and appeal as excluding certiorari.

"The provisions of this act shall be liberally construed to promote the leveeing, ditching, draining and reclamation of wet, overflow or agricultural lands; the collection of the

assessments shall not be defeated, where the proper notices have been given, by reason of any defect in the proceedings occurring prior to the order of the board of supervisors locating and establishing the levee, ditch, drain or change of natural watercourse provided for in this act, but such order or orders shall be conclusive and final that all prior proceedings were regular and according to law unless they were appealed from. But if upon appeal the court shall deem it just and proper to release any person or modify his assessment or liability, it shall in no manner affect the rights or liability of any person other than the appellant; and the failure to appeal from the order of the board of supervisors of which complaint is made shall be a waiver of any illegality in the proceedings and the remedies provided for in this act shall exclude all other remedies."

Sec. 4154 of the Code provides:

"The writ of certiorari may be granted when authorized by law, and in all cases where an inferior tribunal, board or officer exercising judicial functions is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, and there is no other plain, speedy and adequate remedy."

There are cases in the books, some of which are cited by appellants, where cases have been removed to a higher court by certiorari and in which · the question as to whether certiorari was a proper remedy was not raised, and the cases were decided as presented.

In *Davis v. Preston,* 129 Iowa 670, at 674, it is said that certiorari and appeal are not inconsistent remedies. In other cases,—for instance, *Young v. Preston,* 131 Iowa, at 293,—it is said that if the judge acted without jurisdiction, it is clear that certiorari is the proper proceeding. The later cases seem to state the rule more accurately than some of the earlier cases: *Ryan v. Hutchinson,* 161 Iowa 575, at 588; *Barry v.*

*Black Hawk District Court,* 167 Iowa 306, and the recent case of *Timonds v. Hunter,* 169 Iowa 598.

A mere error is in one sense an illegality, but may not be reviewed by certiorari. The remedies are inconsistent in a sense. A party aggrieved may not appeal from an error of the lower tribunal, may not appeal within six months, and, if defeated in the higher court, then within a year commence a certiorari proceeding and have the same matter gone over again. The remedies are consistent as to some questions: for instance, the question of jurisdiction may be raised on appeal, and if there is no jurisdiction, or the lower tribunal has exceeded its proper jurisdiction, the matter may be raised by certiorari. Under the statute, certiorari will lie where the proper jurisdiction has been exceeded and where there is some illegality for which there is no other plain, speedy and adequate remedy. The illegality just referred to is something more than a mere error and less than jurisdiction. It is not always easy to make the application. There may be instances where, in the same case, some questions might be reviewable by appeal and others by certiorari. *Porter v. Butterfield,* 116 Iowa 725; *Berkey v. Thompson,* 126 Iowa 394, at 397.

Appellants cite the *Porter* case just referred to, in 116 Iowa, and also the case of *Butterfield v. Treichler,* 113 Iowa 328, one of which was an appeal and the other a certiorari in the same case. As we have already said, there may be cases where some questions could be raised by appeal, but not by certiorari, or where such points could be raised either way. But while, as to such points, the party may have one remedy or the other, he may not have both. In the *Butterfield v. Treichler* case, it was said:

"Complaint is made because the trial court submitted the issues to a jury, and taxed the fees of a large number of witnesses to plaintiff. Both of these matters, if erroneous, might have been corrected on appeal. The writ of certiorari

is never used to correct a mere error, but only to test the jurisdiction of an inferior tribunal. *State v. Roney*, 37 Iowa 30; *Ransom v. Cummins*, 66 Iowa 137. The trial court clearly had jurisdiction to rule on these matters. If it erred, the remedy was by appeal.''

And in the same case in 116 Iowa (that is, *Porter v. Butterfield*), which was an appeal in regard to the same matter, it was said, in referring to the certiorari case:

''The points involved on this appeal were not disposed of in the certiorari proceedings, except in so far as they relate to the question of jurisdiction. The doctrine of election of remedies does not apply, for the reason that certiorari and appeal are not necessarily inconsistent remedies. The rule is well stated in *Kearney v. Union Pacific*, 97 Iowa 723, as follows: 'A man may not take two contradictory positions; and where he has a right to choose one of two means of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate choice of one will preclude him thereafter from going back and electing the other.' Applying it to this case, we do not think the remedies of certiorari and appeal are so inconsistent as that the assertion of one involves the negation or repudiation of the other. True, certiorari will not ordinarily lie where there is a remedy by appeal, and when the party has a right of appeal he cannot proceed by certiorari. The writ of certiorari is never used to correct a mere error, but to test the jurisdiction of the tribunal or the legality of its action. . . . True, when one pursues the remedy of certiorari, he denies the jurisdiction of the court or the legality of its action, and where he appeals he in effect, impliedly, at least, admits the jurisdiction of the tribunal from whose decision he appeals, although it seems he may even on appeal question the jurisdiction.''

The following cases, in addition to those already referred to, may be cited on the proposition that where one has a right of appeal, he may not proceed by certiorari: *Oyster v. Bank,* 107 Iowa 39; *State v. Schmidtz,* 65 Iowa 556; *Fagg v. Parker,* 11 Iowa 18; *Sunberg v. District Court,* 61 Iowa 597; *Ransom v. Cummins,* 66 Iowa 137; *Cedar Rapids, etc., R. Co. v. Whelan,* 64 Iowa 694; *Independent School District v. District Court,* 48 Iowa 182; *O'Hare v. Hempstead,* 21 Iowa 33.

In the instant case, many points are argued as to the alleged errors or irregularities of the proceedings in the establishing of this district which clearly could be raised on appeal, and we think, under the decisions and the statutes before cited and quoted, may not be reviewed on certiorari.

It is contended by appellants that the notice, given as to plaintiffs by publication, is invalid and is unconstitutional, as authorizing the taking of property without due process of law, and, as they state it, the action of the board of supervisors in refusing to consider their claim for damages and in refusing to appoint appraisers was illegal and without jurisdiction; that any notice given or pretended to be given was premature, unauthorized and did not give jurisdiction to said boards of supervisors to deny the claim for damages of petitioners and refuse to appoint appraisers to assess their damages. But in their reply argument, they say:

"It is claimed that the boards of supervisors acquired jurisdiction of appellants when they appeared by agent and attorney at the meeting of the boards February 1, 1911, and presented and had filed their objections to the establishment of the district and a claim for damages. This proposition of appellees must be accepted as fact. They are parties to the action and affirm the truth of the statement. Appellants have already asserted the fact in their opening brief. Appellees claim that jurisdiction was acquired by this appearance of appellants. The boards assumed jurisdiction, and appellants submitted to the jurisdiction of the boards. Appellees

then became bound to appoint appraisers and have the damage claim of appellants submitted to such appraisers.''

If there was no notice, or the notice is invalid or void, then, of course, as before stated, the question could be raised by appeal. It could also be raised by certiorari.

3. The first objection to the notice is that the notice in this case, which was by publication, was published in only three of the counties in which the petition and return were filed, and that notice was not published in any paper in Pocahontas county. Counsel for appellant refer to Sec. 1989-a29, Code Supplement, 1907, wherein it is provided, among other things:

2. DRAINS: intercounty ditch: excluding lands of one county: further publication of notice: useless acts.

''Immediately upon the filing of such return, plat and profile, if such recommends the establishment of the levee or drainage district, each county auditor of said counties shall cause the owners of the lands, as shown by the transfer books in the auditor's office, and also the person in actual occupancy of any lots or lands in the district  .  .  .  to be notified of the time and place where the boards of the several counties will meet,'' etc.

As before stated, the petition asked that land in that county should be included, but the report of the commissioners and the engineer excluded all the land in that county, and the board could not, against the recommendation of the commissioners and the engineer, include land in Pocahontas county. This being so, we see no necessity for publishing a notice in the papers in Pocahontas county, although when the petition was filed, it was contemplated that land in that county would be included in the district. The report of the commissioners gave no names as shown by the transfer books in the auditor's office of Pocahontas county, and no duty devolved on the auditor of that county under Sec. 1989-a29

with respect to the service of notice, and .there was no one in that county to be notified.

4. The next complaint in regard to the notice is that the notice was not served upon the occupants of appellants' land. We have before referred to this matter; that it is not shown whether there were occupants. Cases are

3. DRAINS : non-service of notice : who may complain.

cited by appellants, under other statutes, and on other subjects, holding that in such cases it is necessary to serve notice upon the occupant of the land to acquire jurisdiction or determine the owner's rights. Cases may arise where this would be necessary. But in this case, the notice was served upon the owners in the manner pointed out by the statute, and it has been held that, in cases of this character, where this is done, the owner may not complain that notice was not served upon some other person where such other person is not objecting. Thus, in *Ross v. Board of Supervisors*, 128 Iowa 427, it was held that a failure to notify one landowner of proceedings to establish a drainage ditch will not render the same invalid in favor of those properly served with notice; and voluntary appearance by the omitted owner is a waiver of objections based on failure to give notice. See, also, as bearing on this same proposition, *Lightner v. Greene County*, 145 Iowa 95; *Hoyt v. Brown*, 153 Iowa 324; *Sullivan v. Robbins*, 109 Iowa 235.

In the proceedings for the establishment of a drainage district, the law contemplates nothing more than a substantial compliance with the provisions of the statute, and mere irregularities are not jurisdictional. The

4. DRAINS : drain-age act : liberal construction : substantial compliance.

statute itself provides that the provisions of the drainage law shall be liberally construed to promote the leveeing, ditching, draining, and reclamation of wet, overflow or agricultural land. Sec. 1989-a46, Code Supplement, 1907.

5. Appellants' third point, that the statute providing for the establishment of drainage districts upon notice by

publication is unconstitutional, as authorizing the taking of property without due process of law, has been determined against appellants' contention and is not now an open question in this state. *Johnson v. Board,* 148 Iowa 539; *Taylor v. Drainage District,* 167 Iowa 42. And see *Tharp v. Witham,* 65 Iowa 566; *Abbott v. Board,* 36 Iowa 354; *Dunlap v. Pulley,* 28 Iowa 469; *Connelly v. Griswold,* 7 Iowa 416; *McCrory v. Griswold,* 7 Iowa 248.

5. DRAINS : establishing districts : notice by publication : due process : constitutional law.

It is contended by appellees that the appearance by the appellants before the board was a waiver of any notice and gave the board jurisdiction, citing *Ross v. Supervisors,* 128 Iowa 427, and other cases. This may be so, but we do not determine the point because we hold that the notice was sufficient as to appellants. They also contend that appellants waived their right to present the matter by certiorari because they first took an appeal to the district court from the action of the board and then dismissed the appeal. But this we do not determine, because we have already passed upon questions in regard to the jurisdiction of the boards.

Appellants, having failed to file their claim for damages at least five days prior to the date at which the petition had been set for hearing, waived all right thereto, and the board of supervisors did not act illegally in failing to have their alleged damages appraised. Sec. 1989-a30, Code Supplement; *Collins v. Board,* 158 Iowa 323, 327.

6. DRAINS : damages : failure to file claims : waiver.

Appellees contend that the refusal of the board to appoint appraisers to appraise the damages is appealable, the same as an allowance in an insufficient amount, citing *Warner v. Doran,* 30 Iowa 521; *Van Cleave v. Clark,* 37 Iowa 184. We are inclined to this view, but we deem it unnecessary to determine the point now, for the reason that, undoubtedly, many of the questions argued in the case should have been raised by an appeal, and we have already noticed

the questions which can properly be raised in a certiorari proceeding.

Many other questions have been argued; but we have noticed those which we think may be considered on the questions raised by the certiorari proceedings in the district court. Our conclusion is that, upon the whole record, the district court properly sustained the motion to annul the writ, and the judgment is, therefore—*Affirmed.*

DEEMER, C. J., LADD, WEAVER and EVANS, JJ., concur.