H. M. GILLIAN AND MARY E. GILLIAN, Plaintiffs, v. M. F. EDWARDS, JUDGE, Defendant.

**INJUNCTION:** Violations—Contempt—Certainty of Guilt—Findings
1 **of Court.** A charge of contempt in violating an injunction must be clearly established.   On certiorari to review a discharge, the findings of the trial court will be given great weight.

**INJUNCTION:** Violations—Contempt—Evidence—Sufficiency. Evi-
2 dence reviewed, and held, in view of the findings of the lower court, insufficient to show a violation of an injunction against the careless handling of gasoline, and the noises attending the operation of a garage.

**CERTIORARI:** Nature of Remedy—Reviewing Rules on Evidence.
3 Certiorari to review an order discharging one accused of contempt in violating an injunction, brings up for determination, not whether rulings on the reception or rejection of evidence were

correct, but the question whether the district court exceeded its proper jurisdiction or otherwise acted illegally.

*Certiorari from Cerro Gordo District Court.*—M. F. EDWARDS, Judge.

SATURDAY, MARCH 11, 1916.

REHEARING DENIED WEDNESDAY, JUNE 28, 1916.

.THIS is a proceeding by certiorari to review the action of the lower court in releasing the defendants in the main action from a charge of contempt for the alleged violation of an injunction. The opinion states the case. The writ is annulled and the judgment—*Affirmed.*

J. H. *Scales,* for plaintiffs.

*Blythe, Markley, Rule & Smith,* for defendant.

PRESTON, J.—The plaintiffs brought an action in the district court of Cerro Gordo County against the Mason City Auto Company and eleven individual defendants, asking an injunction. By consent, a decree granting an injunction was entered in the case against defendants, November 26, 1913. This decree found that defendants' garage was not a nuisance, but a lawful and necessary business; that the noise or odors complained of could be obviated or reduced to a minimum; that the gas tank was legally and properly located and installed, and that the same did not constitute a nuisance, provided the defendants were careful in filling the tank and distributing therefrom; and that defendants had been negligent and slack in handling gasoline.

The defendants were enjoined from handling gasoline, or other inflammable fluids, in a careless manner in transporting and distributing the same; from carrying gasoline, or other inflammable fluids, about in open vessels to fill or supply auto-

mobiles or other motor vehicles or to supply customers; from permitting gasoline, or other inflammable fluids, to remain in any pump, measure or vessel open to the air at the place where the same is drawn from the tank, or in any place in or about said building or premises; from permitting any pump, vessel or receptacles in which gasoline, or other inflammable fluids, is kept, to become leaky or to leak gasoline or other inflammable fluids, or from permitting gasoline, or other inflammable fluids, to be absorbed in any wood or in any part of the building; from smoking or permitting smoking in any manner on or about the premises; and from maintaining or permitting continuous or other noises from hammering and like sounds from repairing, and sound emitted from exploding gases, the offensive odor from burning oils and gases, and clamor of outgoing and incoming cars in and about said premises,—all in so far that the greater part of said noises and bad odors must be obviated and said objectionable features reduced to a minimum.

The decree of injunction is somewhat indefinite, particularly the last clause; but no appeal was taken therefrom, and the form of it or any mere error therein may not be tested now in contempt proceedings.

1  INJUNCTION: violations: contempt: certainty of guilt: findings of court.    The information charges, substantially, that defendants are guilty of contempt, for that plaintiffs are husband and wife and occupy their residence near the garage of defendants; that plaintiffs have been greatly annoyed and deprived of the quiet enjoyment of their home by reason of the fact that defendant, its officers, agents, employes and managers, are slack, indifferent and negligent in handling gasoline and other fluids of explosive nature in and about the garage, and have permitted gasoline and other fluids of explosive nature to stand in open vessels while filling tanks and engines of automobiles and motorcycles, greatly to the annoyance of plaintiffs; that they have carelessly and indifferently

permitted and allowed distracting noises to be made and emission of noisome gases both in and about said premises by explosions of gas by outgoing and incoming cars and other motor vehicles; that said noises are daily permitted and nightly when conditions of the weather prompt their use and operation; that plaintiffs are caused discomfort by additional noises from hammering in the workshops within the garage, the windows of which are kept open from time to time in close proximity to plaintiff's said home, and against their protest.

The evidence upon the trial of the contempt proceeding was submitted in the form of affidavits and by witnesses appearing in court, in accordance with Section 4373 of the Code.

The court ruled, as a matter of law, that, in order to punish for a violation of an injunction, the evidence must be clear, and that the party charging such violation must show that he has in some way been injured thereby; and upon the fact question, that, from the evidence introduced, defendants are not guilty of contempt, nor any of them, and ordered that defendants be released, and rendered judgment against informants for costs. The rule in this class of cases, as stated in *Cheadle v. Roberts,* 150 Iowa 639, 642, is this:

"While the findings of fact made by the trial judge are not conclusive, they are entitled to great weight, especially where, as in this case, the testimony is conflicting, and much depends upon the credibility of the witnesses. In such cases, where the witnesses are before the trial judge, his advantageous position in discovering the truth should not be disregarded."

In the instant case, a large number of witnesses gave testimony on either side, and there is a conflict therein; and we are satisfied from a reading of the evidence in the record, without setting it out, that the weight of the testimony is with the defendants in the con-

2. INJUNCTION: violations: contempt: evidence: sufficiency.

tempt proceeding, and that plaintiffs did not show that defendants had been guilty of vio-

lating the injunction decree. The evidence of the witnesses for plaintiffs is, to some extent,—indeed, to a considerable extent,—the opinion or conclusion of the witnesses as to noises and other acts charged as being a violation of the injunction. This is true also to some extent as to witnesses for the defendants informed against; but many of them, particularly the employes in the garage and the defendants charged, go into detail as to the manner in which the business was conducted after the decree of injunction was rendered.

We shall not go into the evidence to any considerable extent; but there was evidence from which the court could have found that, since the injunction, the defendants informed against posted five printed notices of the injunction in their place of business, communicated the order of the court to all the employes, officers and agents, and have kept it before them and all new employes at all times up to the present; that smoking was wholly discontinued; the noise of incoming and outgoing cars was stopped so far as it was possible or practicable to stop it; the filling of the tank was carefully done, and in such manner that no gasoline was spilled and so that there was no danger connected therewith; the pump was kept in repair; once only there was a leak, which was repaired as soon as discovered, and at no other time was the gasoline permitted to escape; the windows in the south side of defendants' building were kept shut at the request of plaintiffs; plaintiffs made no complaint to defendants about any noise, smoke or disturbance of any kind up to the filing of the information for contempt. Doubtless they were not required to do this, for the parties enjoined were required to obey the injunction. But the fact that no complaint was made is a matter proper to be considered in weighing their testimony in regard to the same matters about which they now complain. Plaintiffs requested that the windows be closed, and this was done.

Errors are assigned in regard to the rulings of the trial court in admitting and excluding evidence, and some other

questions of that character.   But this is not an appeal from the judgment and rulings of the district court, but a certiorari proceeding, in which questions to be determined are whether the district court exceeded its proper jurisdiction or is otherwise acting illegally, and where there is no other plain, speedy and adequate remedy.   Code Section 4154.   This section was construed in *Goeppinger v. Board of Supervisors,* 172 Iowa 30.

**3. CERTIORARI: nature of remedy: reviewing rules on evidence.**

The question presented for review in this case is largely one of fact.   The rule as to noise, odors, smoke and the like, and that they may in proper cases be minimized, is stated in *McGill v. Pintsch Co.,* 140 Iowa 429, 432, and *Mitchell v. Flynn Dairy Co.,* 172 Iowa 582.   It is contended by plaintiffs that their property, which is their residence and has been occupied by them as such for some twelve years, is in the residence district; and it doubtless was so at the time they first occupied their property, but the territory near the premises is occupied by houses of different kinds.   The growth of business was in the direction of plaintiffs' property.   No new residence has been built in the block for many years.   Main Street, near plaintiffs' property, is built up on both sides with business buildings.   This is so in part as to Fifth Street, which is near; there is a Chinese laundry in the neighborhood, also a two-story brick steam bakery and a steam laundry.   There are two other garages within a block or two of the property.

Our conclusion is that the finding and judgment of the district court was right, and the judgment is—*Affirmed* and the writ—*Annulled.*

EVANS, C. J., DEEMER and GAYNOR, JJ., concur.